GUSTAVE LEISTRITZ *vs.* AMERICAN ZYLONITE COMPANY.

Berkshire.    September 8, 1891. — September 15, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Evidence — Dangerous Machine — Instructions.*

In an action for personal injuries sustained by a boy between eighteen and nineteen years old in the defendant's mill, the plaintiff, after testifying that he told the foreman immediately after the accident that it was caused by a machine at which he was set to work by the sub-foreman, cannot be permitted to testify that the foreman then said to the plaintiff that it was just like the sub-foreman to set him at work at a dangerous machine he did not know anything about.

In an action for personal injuries by a boy between eighteen and nineteen years old, after a long examination of the plaintiff as a witness in the presence of a jury, questions to other witnesses, as to whether the plaintiff was above or below the average intelligence of a boy of his age, were *held* to be properly excluded.

An employer cannot be held liable for his failure to instruct an employee respecting dangerous work which he is not expected to do.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ.  At the trial in the Superior Court, before *Barker*, J., the plaintiff, in the course of a long examination as a witness, testified that he began to work for the defendant in its mill in October, 1889 ; that he was eighteen years of age, and was hired to work upon a machine called a crusher, by which the hard stock used in the mill was softened ; that two workmen were needed to run a crusher, one in putting in stock at the top and the other in taking it away at the tail end, and it was his work to take away stock at the tail end; that on the morning of June 30, 1890, after having been at work with one Kelly upon a crusher, one Rolf, the sub-foreman, told them to go to work on a cutting machine which consisted of rollers and revolving knives ; that they did so, Kelly feeding the machine, which was the dangerous part of the work ; that, after working up the material, they ceased to work on the cutter, and Kelly went into another room ; that subsequently another workman named Frilley and himself cut up a batch of material without orders, Frilley feeding the machine and he taking away the material when cut ; that then he returned to the crusher, when Rolf said to them, " Gus, you and Frilley go and cut up stock "; that they returned to the cutting machine, and he attended to feeding the material into it, and Frilley took care of it when cut; and that, upon his pushing a portion of the material too far, the rollers caught the tips of his fingers and drew in his hand, and he received the injuries in question.  On cross-examination, he testified that he had never before worked on this cutting machine ; that Kelly and two other workmen previously had stopped him from working at feeding it ; and that he knew that the rollers would draw in his fingers, but thought that, if his fingers got caught, he could pull them out.

The plaintiff also testified, that after the accident happened he was taken to the office of one Pierce, the foreman, and Pierce asked him how the accident happened, and he told him.  The plaintiff was then asked what Pierce said, it being proposed to show that Pierce said, " It was just like Rolf to set you at work at a dangerous machine you did not know anything about."  The judge excluded the question, upon the defendant's objection, and the plaintiff excepted.

Two other witnesses for the plaintiff were asked, in the course of their examination, whether the plaintiff was " above or below the average intelligence of a boy of his age." The judge, upon the defendant's objection, excluded this question ; and the plaintiff excepted.

The judge ruled that the action could not be maintained upon the evidence, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*G. A. Prediger*, for the plaintiff.

*A. J. Waterman & F. R. Shaw*, for the defendant.

ALLEN, J. 1. The question to Pierce was properly excluded. So far as appears, his only knowledge of the circumstances of the accident came from what the plaintiff had just told him. If he said that it was just like Rolf to set the plaintiff at work at a dangerous machine he did not know anything about, the statement so far as it involved matters of fact rested wholly upon what the plaintiff had just told him ; and so far as it involved matter of opinion, the defendant was not bound by it.

2. Two witnesses were asked whether the plaintiff was " above or below the average intelligence of a boy of his age." His age was eighteen years and eight months. The questions were properly excluded. They did not go to the extent of showing that he was manifestly incapable of understanding the risk without instruction, so that the defendant knew, or from his appearance ought to have known, that cautions and instructions were necessary. *Ciriack* v. *Merchants' Woolen Co.* 151 Mass. 152. The case does not call for any nice consideration of what might be shown in the case of a young child, or under other circumstances. It is enough to say, that under the circumstances of the present case, in view of the plaintiff's age, and of his long examination as a witness in the presence of the jury, the questions were of no material significance.

3. The ruling that there was not sufficient evidence to warrant the jury in finding a verdict for the plaintiff was clearly right. There was nothing to show that he had ever been set to work feeding such a machine, which was the only dangerous part of the work. He testified himself that three different workmen had stopped him from working at feeding. Rolf did not tell him to feed the machine, and there was no evidence that Rolf

knew that the plaintiff had taken or was likely to take any other than his usual place at the other end of the machine. Without entering upon other considerations, we see no evidence of negligence on the part of the defendant. There was no need of instructing the plaintiff as to work which he was not expected to do.                                                    *Exceptions overruled.*