GRUNST *v.* CHICAGO & WEST MICHIGAN RAILWAY CO.

RAILROAD COMPANIES—NEGLIGENCE—ACCIDENT TO TRESPASSER.

The fact that the plaintiff, a yardmaster of a railroad company, was permitted by the defendant company to visit its yard for the purpose of ascertaining whether there were cars there for his road, is no evidence that he was invited to facilitate his examination by riding on the side ladders of defendant's trains, and, in assuming such a position without invitation, he became a trespasser, and is precluded from recovering for injuries sustained, while so riding, by being struck by an arm of a switch alleged to have been placed too near the track.

Error to Wayne; Frazer, J. Submitted April 21, 1896. Decided May 19, 1896.

Case by August Grunst against the Chicago & West Michigan Railway Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Brooke & Spalding*, for appellant.

*William Alden Smith* and *Frederick W. Stevens*, for appellee.

MONTGOMERY, J. Plaintiff was a railroad man of several years' experience, and for eight months prior to February 26, 1891, was employed by the Detroit, Grand Haven & Milwaukee Railway Company as yardmaster at Grand Haven. His duties compelled him to attend to the switching of freight cars, to bring them to the freight house, to load boats, to receive freight cars from the defendant company to his own, and to deliver cars from his own company to the defendant company. For the performance of these duties he had in his charge and under his direction a switching engine and crew. Evidence on

the part of the plaintiff tended to show that the defendant had no regular switching engine at this point, but such switching as was done was performed by its local freight crew; so that frequently, in order to get cars destined for his road, plaintiff would go with his switch engine and crew over upon the defendant's track, and get the cars out himself. Plaintiff received notice of the arrival of freight cars upon defendant's track in various ways, —sometimes from his own freight agent; sometimes from defendant's local agent; sometimes from Kennedy, an employé of defendant; sometimes he would go over to defendant's yard, and find such cars himself. No objection was ever made by defendant's local agent to plaintiff's method of obtaining this information. On February 26th, plaintiff and his crew were engaged in loading a boat for Milwaukee, and late in the afternoon he sent his crew to supper, telling them to report later, to finish loading the boat. Plaintiff desired to know if there were any cars for the Milwaukee boat in defendant's yard, and jumped upon the side ladder of a passing freight train, and rode towards the switch where he was accustomed to find such cars. None of the crew of defendant's train knew of the plaintiff's presence on the side ladder. Plaintiff had nearly reached his destination when he was struck in the head by an arm of a switch which the train passed, thrown to the track and run over, and so seriously injured that it became necessary to amputate his arm and a portion of his foot. Evidence was also introduced tending to show that, two years previously, one Mahan, an employé of defendant, had warned another employé of the danger of this particular switch, the arm of which, when thrown over, projected to within a foot of passing trains. Mahan also testified that he had reported the matter to defendant's section foreman, but that nothing was done to change it. It was the contention of defendant that plaintiff was a trespasser; that he rode without the knowledge or permission of the train crew; that he was not employed by the defendant in any capacity, and

that they owed him no legal duty, express or implied, beyond what a railroad company owes to a common trespasser, where wanton or willful negligence is not pretended to exist; that the plaintiff was an experienced railroad man, and knew the danger of riding as he did; that he was not in the performance of his duties, but was on his way to supper; and that his injury was due to his own negligence. The trial judge directed a verdict in favor of the defendant company, and the case comes to this court on error.

Plaintiff's theory, as stated in the brief of counsel, is:

"That what plaintiff attempted to do was what he might reasonably do in the discharge of his duties, and that, in the pursuance of the custom of work between the two companies, he had the right to use such methods and means as were reasonably proper to facilitate his examination."

The answer to this is that he had no right to use the cars of the defendant as a means of transportation unless invited to do so, and certainly he had no right to use the side of a freight car for that purpose. There is no testimony tending to show, in the slightest degree, an invitation to the plaintiff to occupy any such position as he assumed on the car of defendant, nor did any business which he transacted with the defendant company require that he should do so. The most that can be claimed from plaintiff's testimony is that he was invited to the yard of defendant by reason of his business relations to the company; and, had the injury occurred by reason of a pitfall in the yard itself, quite a different question would have been presented. But when he chose to attempt to ride on this freight car by means of seizing hold of the rounds of the ladder, he was beyond any invitation which was extended to him, and became a trespasser. There is nothing even to show a previous use of the defendant's cars for the purpose. In the able opinion of Mr. Justice CAMPBELL in *Hargreaves* v. *Deacon*, 25 Mich. 5, it was said:

"Cases are quite numerous in which the same questions have arisen which arise in this case, and we have found none which hold that an accident from negligence on private premises can be made the ground of damages, unless the party injured has been induced to come by personal invitation, or by employment which brings him there, or by resorting there as to a place of business, or of general resort held out as open to customers or others whose lawful occasions may lead them to visit there. We have found no support for any rule which would protect those who go where they are not invited, but merely with express or tacit permission, from curiosity or motives of private convenience, in no way connected with business or other relations with the occupant."

See, also, *Pittsburgh, etc., R. Co.* v. *Bingham,* 29 Ohio St. 364 (23 Am. Rep. 751); *Severy* v. *Nickerson,* 120 Mass. 306 (21 Am. Rep. 514); *Illinois Central R. Co.* v. *Godfrey,* 71 Ill. 506 (22 Am. Rep. 112); *Kelly* v. *Railroad Co.,* 65 Mich. 186; *Planz* v. *Railroad Co.,* 157 Mass. 377.

Judgment affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.