THOMAS BUSTON *vs.* HARVARD BREWING COMPANY.

Middlesex. March 6, 1903. — May 23, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence,* Employer's liability.

It is no evidence of negligence on the part of a superintendent in a brewery that he did not warn a workman thirty years old, who had worked there for four years, that a certain gear with cog wheels might be started by another workman, and that if he put his hands on the teeth of the gear instead of on the spokes provided for the purpose he might get hurt.

TORT for the loss of a portion of one of the fingers of the plaintiff's right hand from being caught between two gears of a sterilizing machine on which the plaintiff was working under the orders of a superintendent in the defendant's brewery in Lowell. Writ dated November 16, 1901.

At the trial in the Superior Court before *Aiken,* J., the jury returned a verdict for the plaintiff in the sum of $600. Upon motion of the defendant, the judge set the verdict aside as not being warranted in law, and reported the case for determination by this court. If the action of the judge in setting aside the verdict was correct, judgment was to be entered for the defendant; otherwise, judgment was to be entered upon the verdict.

*J. J. Kerwin,* for the plaintiff.

*F. E. Dunbar,* for the defendant.

LATHROP, J. We are of opinion in this case that the verdict for the plaintiff was rightly set aside. A shaft having broken, it became necessary to work by hand certain gears which were connected by cog wheels. This was done by placing the hands on spokes. The plaintiff was ordered by the superintendent to

relieve one of the men who was turning one of the gears. To do this he got on top of a box about a foot high, put his hands upon the teeth of the gear, which was at the time motionless, and immediately looked down at the box on which he was standing, to make sure of his footing. Just then the gear began to revolve, one of his fingers was caught between the gear and a cog wheel, and part of the finger was cut off. The plaintiff testified that he knew he would get hurt if the gear started; that he could have taken hold of the spokes of the gear as well as of its teeth, and that he would not have been injured if his hands had been on one of the spokes. The starting of the gear was caused by one of the employees, who was working on the other gear.

The ground on which the plaintiff seeks to recover is that the superintendent was negligent in not notifying the plaintiff that some one was working on the other gear. Without considering whether the plaintiff was in the exercise of due care, we fail to find any negligence on the part of the defendant's superintendent. The plaintiff was a man thirty years old, and had been in the employ of the defendant for four years. When the superintendent gave the order to the plaintiff, he had no reason to suppose that he was going to put his hands upon the teeth of the gear, whether the gear was still or in motion. The place was not one of danger, if a man took ordinary precautions. The superintendent could not anticipate that a man of the plaintiff's knowledge and experience would do as he did, and was not bound to warn him that if he did so he might get hurt.

*Judgment for the defendant.*