St. Louis Southwestern Railway Company of Texas v.
Norman Spivey.

No. 1252.  Decided November 23, 1903.

**1.—Negligence—Servant—Minor—Warning.**
    The duty of a railway company to its employes as to giving warning against dangers to an inexperienced minor as well as maintaining its car track, etc., in proper condition applies only to such perils as are involved in performing his duty as contemplated by his employment.  (P. 146.)

**2.—Same—Case Stated.**
    A call boy employed by a railway company to carry messages, summon train crews, etc., having occasion, in the course of his employment, to return from the passenger to the freight depot at night, caught onto the side of a passing freight train to do so, and, while so riding, was struck and injured by car scales near the track; a general demurrer to his petition setting up such danger and the failure to warn him against it as negligence of the company, was erroneously overruled.  (Pp. 144-147.)

**3.—Same—Rules—Failure to Enforce.**
    Failure to enforce a rule against employes riding on freight trains in the yards might abrogate the rule, but could not make such act by one whose duties were not connected with the handling of the trains one contemplated by his employment and against the dangers of which the master was required to guard.  (Pp. 146, 147.)

Error to the Court of Civil Appeals of the Fifth District, in an appeal from Hunt County.

Spivey recovered judgment for personal injuries in his suit against the railway company.  Defendant appealed, and on affirmance obtained writ of error.

*Crosby & Dinsmore* and *Perkins & Craddock,* for plaintiff in error.— The court erred in overruling defendant's general exceptions to plaintiff's petition, because the facts alleged therein show no cause of action.

The only act of negligence alleged in said petition on the part of appellant is that it constructed its scales too near its tracks, and permitted the same to remain there, and in using and operating its cars and trains on the tracks adjacent thereto.

The court erred in overruling defendant's special exceptions to that part of plaintiff's petition, which alleged, in substance, that it was the universal custom among defendant's employes, other than the plaintiff, to ride cars and locomotives in the yards at Commerce, because said allegations were immaterial and irrelevant.

While it may have been the universal custom of such employes as switchmen, train crews, etc., in switching trains in the yards, making up trains, picking up cars and setting out cars in the yards at Commerce, to ride on engines and cars while so engaged, such an allegation of such custom was certainly immaterial and irrelevant to the issues in this case.

A principal or vice-principal is not required to instruct an employe as to duties outside of the scope of his employment, or to warn him of

danger not incident to the work which, under his employment, he is employed to do. 2 Bailey's Master and Servant, secs. 2670, 2671, 2758.

*Looney & Clark,* for defendant in error.—The court did not err in overruling the exceptions mentioned, and even if the ruling had been erroneous, still defendant can not complain, for the reason that the charge of the court properly limited the matter complained of.

Certainly it would be material to show the custom complained of where a 16-year-old boy, without experience and without warning or instructions, is employed in railway yards where his duties require him to go from place to place. It would be naturally expected that he would ride on moving cars and engines if it was a universal practice for all other employes to do so. The error of the court was not in overruling the exceptions of defendant, but in failing to submit the issue to, the jury as bearing on the right of plaintiff to ride where he was when injured. In the charge the issue was eliminated by an error against plaintiff.

The acts of negligence consist in maintaining the scales dangerously. near the main track, in employing a 16-year-old boy to work in the yards at night where his duties, under the practice and custom of defendant's employes there, required him to go from place to place riding on engines, trains, cars and coaches, and in the failure of defendant to keep any sort of light on said scales at night, and its failure to warn or caution plaintiff about the proximity of the scales to the track and the dangers incident to riding by it in the discharge of his duties; that he was ignorant of this danger and knew nothing of the location of the scales. The petition abundantly shows a cause of action.

BROWN, Associate Justice.—Norman Spivey, by J. R. Spivey his next friend, instituted this suit in the District Court of Hunt County to recover of the St. Louis Southwestern Railway Company of Texas damages occasioned by an injury received while in the employ of the said company at Commerce, Texas. After all formal allegations, the plaintiff alleges as his cause of action in substance as follows: On the 4th day of December, 1901, he was in the employ of the defendant railroad company as call boy at the station of the said railroad company in Commerce, Hunt County, Texas; that he was employed by E. S. Carter, the station agent of the railroad company, and was placed under the direction and control of one Mockbey, a night operator at the said station, also in the employ of the defendant railroad company. It was the duty of the plaintiff to stay at the freight depot of the said company from 7 p. m. to 7 a. m., and to carry any messages that might be delivered to him by the said Mockbey to any part of the town, and also to call any train crew or engine crew that might be ordered out for the service of the said defendant, and to register the passenger train which passed the said station between 7 and 8 o'clock p. m. of each day on the Midland Railroad, which intersected the defendant's road at that point. It is

alleged, that, on the said 4th of December, 1901, the plaintiff had, in the discharge of his duty, gone to the passenger depot and had registered the train on the Midland road as he was required to do and started to return to the freight depot, at which time a freight train belonging to the defendant was passing on the main track of the railroad going in the direction of the freight depot and the plaintiff climbed upon the side of one of the box cars, placing his feet in the stirrup and holding to the ladder on the side of the car, and was thus riding on his return trip to the freight depot when he was struck in his left side by an upright piece, a part of the scales which had been erected near the said track for the purpose of weighing cars. It was alleged that the scales were erected so near to the railroad track that there was not room sufficient for his body to pass between the scales and the car, and thereby he was thrown and knocked down and the injury inflicted upon him. It was dark at that time and place and he did not see the scales. It is charged that the construction of the said scales so near to the track of the railroad was negligence on the part of defendant by which his injury was caused, and that plaintiff did not know that the scales were dangerously near the track. Plaintiff alleged that he had frequently ridden in the same manner upon freight trains passing along the said road and in the presence of the defendant's agent, and that no one had ever warned him of any danger in so riding or had protested against or forbidden him to ride upon the trains. He alleged that it was the universal custom of the employes of the defendant at that place, when passing from one part of the railroad yards to another, to ride thus upon any passing train, and that it had never been objected to so far as he knew by any officer or agent of the defendant. Plaintiff alleged, that, at the time of his employment, and at the time of his injury, he was under the age of 16 years; that he had no experience in the business in which he was engaged and that no officer or agent of the company had instructed him in any manner with regard to the danger of his employment in thus riding upon the cars, nor had he been notified of the fact that the scales were too near the track to admit of a person passing them riding upon the side of the car as he was upon this occasion. Plaintiff's petition alleged explicitly the manner of his injury, the character of the wounds he received, their effect upon his health, and everything necessary to show that the injury received was of a character to cause him pain and to impair his health.

The defendant answered by general demurrer, by special exceptions and general denial, and by plea of contributory negligence on the part of plaintiff. The court overruled the general demurrer and the exceptions, and upon a trial before a jury verdict was rendered in favor of the plaintiff and judgment entered accordingly, which judgment was by the Court of Civil Appeals of the Fifth District affirmed.

To test the correctness of the action of the trial court in overruling the general demurrer of the railroad company, we must accord to the allegations of the petition every reasonable intendment in favor of the right sought to be enforced. Whetstone v. Coffee, 48 Texas, 271. The

petition does not allege that by his employment as call boy for the station at Commerce the plaintiff was required or expected to ride upon freight trains which might be passing through the yards, nor do the facts alleged indicate that his duties required him to ride upon such trains; on the contrary, the requirement to go to different places in the town and to different parts of the railroad yards would suggest an inconsistency between his duties and the act of riding freight trains and engines that he might find passing through defendant's yards. Upon determination of that question depends the duty of the defendant to warn him of the dangerous condition of the scales in their relation to the track. The existence and position of the scales were wholly irrelevant to the performance of his duty as call boy, unless he was called upon in the discharge of that duty to ride upon the cars which would pass by such scales. The facts alleged do not show that the scales had any such relation to his employment as called upon the railroad company to instruct him with reference to any danger that might be encountered in passing them while riding as he was. There was no need to instruct the plaintiff as to the danger to be encountered in riding where he was not expected to be. Bailey's Mast. and Serv., sec. 2670; Leistritz v. Am. Zylonite Co., 154 Mass., 382.

It is alleged that the plaintiff and other employes of the defendant railroad company at Commerce, Texas, habitually rode on freight trains and engines from one part of the yard to another, and that such course of conduct was known to the officers of the railroad company. If a railroad company makes a rule for the government of its employes in the performance of their duties, which rule the employes habitually disregard to the knowledge of the officers of the company and no steps are taken to enforce the rule, the servant will be justified in treating that rule as abolished and the matter will stand as if it had never existed. The fact that such rule existed and had been abolished as to the persons who might be properly connected with the operation of such trains did not authorize the plaintiff to ride upon freight trains when the duty he was performing did not call upon him to do so. The best that can be said of the plaintiff's case is, that he rode on the car with the tacit consent of the railroad company, which would give him no higher right than if he had been simply a licensee disconnected from the service of the company. If he used the cars as a licensee, it was at his own risk, for he must accept them and the track over which they passed in the condition in which he found them. The company was under no obligation to arrange its yards, tracks and scales to suit his convenience, or to secure his safety while riding on its freight trains. Grunst v. Chicago & W. M. Co., 109 Mich., 342; McCue v. N. S. M. Co., 142 N. Y., 110; Cahill v. Layton, 57 Wis., 600; Norfolk & W. Railway Co. v. De Board, 91 Va., 700.

In the case of Grunst v. Chicago & West Michigan Railroad Company, before cited, there were two intersecting railroads as in this case. The plaintiff was the yardmaster of one of the railroad companies and had

permission and it was his duty to go into the yard of the other to see if there were cars to be transferred to his road. On the occasion of his injury he went into the yard of the defendant company and there being a train on defendant's road passing by him, plaintiff jumped upon the side of the car, just as did the plaintiff in the present case, holding to a rung of the ladder, and while thus passing over defendant's track, the arm of a switch struck him, causing his injury. The question was whether he was lawfully upon the car, in the discharge of his duty as yardmaster, of the other road, to which the Supreme Court of Michigan answered, that he was not. The court said: "The most that can be claimed from plaintiff's testimony is, that he was invited to the yards of the defendant by reason of his business relations to the company; and had the injury occurred by reason of a pitfall in the yard itself, quite a different question would have been presented. But when he chose to at-tempt to ride upon this freight car by means of seizing the rounds of the ladder, he was beyond any invitation which was extended to him and he became a trespasser. There is nothing even to show a previous use of defendant's cars for the purpose." While in this case the allegations are that the plaintiff had previously used the cars in the same way, we are of opinion that the fact did no more than to give him the right that would be accorded to a licensee.

We are of opinion that the allegations of the petition considered most favorably for the plaintiff do not show a cause of action against the rail-road company, and that the trial court erred in not sustaining the general demurrer to plaintiff's petition. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that this cause be remanded for a new trial.

*Reversed and remanded.*