### MANUEL OJALA *vs.* AMERICAN STEEL AND WIRE COMPANY.

Worcester.    September 30, 1912. — November 26, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Negligence,* Employer's liability.

In an action by a workman in a wire mill against his employer, there was evidence that the plaintiff was a green hand twenty-one years of age who had been at work only two weeks before the accident, that he was working as helper to the operator of a machine and was told by the operator to clean it, that the machine then was running, but that the operator had stopped the motor and that the machine would run from three to six seconds after the motor was stopped, that the plaintiff proceeded to use a handful of waste in wiping some oil off the bed of the gears, which were only six and five eighths inches above it, when the waste caught in the gearing and the plaintiff's fingers were drawn into the gearing and crushed. *Held,* that there was no occasion for the defendant to warn the plaintiff against the danger of cleaning the machine while in motion, and therefore that the defendant's failure to do so was not evidence of negligence.

TORT for personal injuries sustained by the plaintiff on July 30, 1910, when he was employed as a helper in the wire mill of the defendant at Worcester. Writ dated September 23, 1910.

In the Superior Court the case was tried before *Irwin,* J. The facts which could have been found upon the plaintiff's evidence are stated in the opinion. The defendant offered no evidence, and at the request of the defendant the judge ruled that upon all the evidence the plaintiff could not recover and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*M. M. Taylor,* for the plaintiff.

*F. F. Dresser,* for the defendant.

LORING, J. In this case the fingers of the plaintiff's right hand were drawn into the gearing of a machine which he was cleaning while it was in motion. He was working as helper to the operator of the machine and had been told by the operator to clean it. The operator testified that "the machine was running when . . . [he] . . . told . . . [the plaintiff] . . . to go and clean it, but . . . [he] . . . had stopped the motor before;" and there was evidence that the machine would run from three to six seconds after the motor was stopped. At the time of the acci-

dent the plaintiff was using a handful of waste in cleaning the machine and was wiping some oil off the bed under the gears. There was a space of only six and five eighths inches between the bottom of the lower gear and the bed. The jury were warranted in finding that the waste which the plaintiff held in his hand caught in the gearing and his fingers were in that way drawn into the gearing and crushed. There was evidence that three of the teeth of the lower wheel of the gearing were broken and had been so for a long time; and there was some evidence that the gearing while in motion made a slight current of air underneath. The plaintiff was a green hand twenty-one years of age and had been at work but two weeks before the accident.

This evidence did not warrant a finding of negligence on the part of the defendant. The defendant had no reason to anticipate that the plaintiff would be asked by his fellow workman to clean the machine while it was in motion, if indeed the jury could have found that the operator did ask him to do so, or that the plaintiff would undertake to do that of his own accord. There was no occasion therefore for the defendant to warn the plaintiff against the danger of so doing. The case is within *De Angelo* v. *Boston Elevated Railway*, 209 Mass. 58. See also *Leistritz* v. *American Zylonite Co.* 154 Mass. 382; *Sullivan* v. *Simplex Electrical Co.* 178 Mass. 35; *Chmiel* v. *Thorndike Co.* 182 Mass. 112; *Buston* v. *Harvard Brewing Co.* 183 Mass. 438.

*Exceptions overruled.*