HAMILTON BROS. CO. *v.* WEEKS.

(Division B. Dec. 9, 1929. Suggestion of Error Overruled January 6, 1930.)

[124 So. 798. No. 28183.]

**W. L. Guice**, of Biloxi, and **Jno. L. Heiss** and **J. L. Taylor**, both of Gulfport, for the appellant.

**Mize, Mize & Thompson**, of Gulfport, for appellee.

Argued orally by **John L. Heiss**, for appellant, and by **S. C. Mize**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action in the circuit court of Harrison county against appellant to recover damages for an injury received by him while being transported on one of appellant's trucks from his place of work at Gulf Hills to the city of Gulfport, alleged to have been caused by the negligence of Walter Wood, appellant's truck driver. Appellee recovered a judgment in the sum of five thousand dollars, from which judgment appellant prosecutes this appeal.

Appellee was an employee of appellant, but claimed that at the particular time he received his injury, the relation of master and servant did not exist between

himself and appellant; that he was being transported on one of appellant's trucks as a mere invited passenger, and therefore the fellow-servant rule did not apply, and appellant was liable for the negligence of its truck driver, resulting in injury to appellee.

Appellee claimed further that, if at the time of his injury the relation of master and servant *did* exist, nevertheless appellant was liable for the injury, on the ground that the injury was brought about by the incompetency of appellant's truck driver, which unfitness of the truck driver was known to appellant, or could have been known by the exercise of reasonable care on the part of appellant. By appropriate instructions the question of the liability of appellant for the injury was submitted to the jury on both of these grounds.

Appellant's position is that the court should have granted its request for a directed verdict for the reasons (1) that the evidence showed without conflict, at the time appellee was injured, the relation of master and servant existed between him and appellant, and therefore appellant was not liable for the negligence of appellant's fellow servant, Walter Wood, which negligence brought about the injury; and (2) that the evidence showed without conflict that appellant was guilty of no negligence in selecting its truck driver, Walter Wood.

There was little conflict in the evidence as to many of the material facts of the case. Appellant was engaged in the roofing and plumbing business, with its office and warehouse in Gulfport. In its business it employed a large number of men, among whom was appellee. On out of town contracts it furnished free transportation to its employees, carrying them to their jobs in the morning, and bringing them back after the day's work was completed. In returning from their work, employees who desired to do so were allowed to get off of the truck on which they were being transported at any point before

reaching Gulfport. Appellant had a notice posted at its plant in Gulfport, informing its employees on out of town jobs of the hour they should be at the plant to take advantage of this transportation. However, it was not compulsory on employees to avail themselves of the transportation furnished by the appellant; they could use their own cars in going to out of town jobs if they desired, and they often did so. Frequently appellee used his car in going to such jobs. Appellant carried its employees to out of town jobs on its trucks which carried materials to be used in the work. These trucks were driven by appellant's regular drivers. In returning from their work they were on their own time; their day's work was over. While being so carried they received no compensation from appellant, nor were they under any duty to serve appellant in any manner whatever.

On the day of the injury, Walter Wood was driving one of appellant's trucks, having been sent out to pick up its various employees who were working on jobs around Ocean Springs and Biloxi and bring them back to Gulfport. Wood drove the truck to Gulf Hills, east of Biloxi, where appellee and several of his fellow employees were found after the day's work was over. The appellee and others got on the truck, which proceeded toward Biloxi, picking up other employees of appellant, and one not an employee, until there were sixteen on the truck. At a point between Biloxi and Gulfport the truck skidded and turned over, crushing appellee's leg, resulting in his serious and permanent injury. The evidence tended to show that the injury was the result of the negligence of the truck driver, Walter Wood.

On the morning of the injury, appellee appeared, at appellant's plant in Gulfport, to go out on a job which appellant had at Gulf Hills. Appellee had his own car on that day, in which he intended to go to and from his work, as he had often done before. Appellant insisted,

however, that appellee avail himself of one of the trucks which were ready to go to Gulf Hills; appellee accepted the invitation, and went and returned in the truck as above stated.

The evidence tended to show that appellant made no contract to transport appellee and its other employees to and from its out of town jobs on which they were engaged; that there was no understanding, express or implied, between them and appellant that the latter, as a part of his contract of employment, was under obligation to carry its employees to and from out of town jobs, and that the means of transportation offered by appellant were solely for the convenience of its employees, who were free to avail themselves of such means, or to use their own cars in going to and from their work.

We will first consider whether the court erred in submitting to the jury the question whether the relation of master and servant existed between appellant and appellee at the time of the latter's injury. If that relation did not exist, appellant was liable for the negligence of his truck driver, Walter Wood, resulting in the injury. On the other hand, if the relation of master and servant did exist at the time of the injury, appellant is not liable for the injury, because appellee and the truck driver, Walter Wood, were fellow-servants, and the fellow-servant doctrine would apply.

Appellant contends that the case of the Great Southern Lumber Co. v. Hamilton, 137 Miss. 55, 101 So. 787, 788, is decisive of this question in appellant's favor. Hamilton, the plaintiff in that case, was employed by the defendant lumber company as a sawyer out in the woods; his duties were to cut and saw logs for transportation to the mill site of the lumber company, which operated a large motortruck between the mill site and the camp in the woods where the logs were sawed and cut. Its employees were transported to and from their work on

this truck. The evidence in that case showed that it was a part of the contract of service between the plaintiff and the lumber company that the former was to be furnished conveyance by the latter to and from his daily work; the means of transportation being the large motor-truck which the lumber company operated between its mill site and the camp in the woods. Plaintiff, while being so carried, was injured through the negligence of the driver of the truck. The court held that the plaintiff was not a passenger on the truck at the time of his injury, for the reason that it was shown by the evidence that he was an employee at the time he sustained the injury. The court said: "The rule is well established that an employee who is being transported to and from his work, as in this case, is a servant while thus being transported, because the transportation is incidental to, and is so closely connected with, the main employment as to be a part of it."

The opinion in that case, to sustain the holding of the court, in addition to authorities in other jurisdictions, referred to Tallahala Lumber Co. v. Holliman, 125 Miss. 308, 87 So. 661. In the Holliman case, the defendant, the lumber company, was conveying its employees, including the plaintiff, on its train from their work in the woods to the camp. The plaintiff, an employee, was a member of the track crew. He was called from the train by a signal given by his foreman, after the train had stopped on account of some defect in the locomotive; plaintiff interpreting this signal to mean that it was necessary to do track work ahead. He left the train and followed the foreman down the track to a point at or near the front of the locomotive. If track work was required, it was the duty of the plaintiff to assist. While going down the track for that purpose, the train started forward toward the camp. The plaintiff attempted to board the train as it passed him, and was injured. The court held

that the act of the plaintiff in endeavoring to board the moving train, *where he had a right to ride,* was not an abandonment of the master's business, and therefore the relation of master and servant existed at the time of the injury.

We do not think either of those cases sustains appellant's contention. Under the facts of both of those cases it was the master's duty to transport the servant to and from his work; the very nature of the contract of employment between the master and servant showed that the servant was under the master's control while being transported; the transportation being a part of, and incidental to, the employment of the servant. The employment and the transportation were so intimately connected, and dependent one upon the other, that the relation of master and servant existed. In neither of these cases did it appear that the servant had any other means of going to and from his work; the master furnished the particular vehicle for that purpose.

In the present case, the appellant's servants, on out of town jobs, could use the former's trucks in going and returning, if they chose to do so; for the evidence tended to show that appellant assumed no obligation whatever in that respect. As stated, appellee and various other employees of appellant went to, and returned from, out of town jobs in their own cars. Appellant's trucks were not maintained for the sole purpose of transporting its employees to and from out of town jobs; they were used for transporting materials to such jobs. The trucks were available to appellant's employees, but it was distinctly understood that they were under no obligation to accept that means of transportation; they were free to use their own cars, or any other means, instead. They were drawing no wages from appellant while going to or returning from their work, whether they were carried on appellant's trucks, or went in

their own cars. The trips were made before and after work hours. Appellant's control over their services began only when they entered upon their work, and ceased when that work was over. Therefore the time spent by appellant's servants in going to and from their work, whether they were carried on appellant's trucks or in their own conveyances, was their time, and not the time of appellant. Appellant had no control whatever over them during such transportation. Under such circumstances the servant was enjoying a mere permissive privilege, unconnected with his employment.

The evidence in this case tended to show in short simply this: Appellant said to its employees, "Your work day begins at a certain hour and ends with a certain hour. On out of town jobs you must be on hand and go to work when the work day begins, and continue until it ends. I have trucks carrying materials to such out of town jobs, on which I offer you the privilege, if you wish to avail yourself of it, of being transported to and from your work. If you have your own or other means of transportation, you are free to adopt such means—it is entirely optional with you."

In such a case we are of opinion that the better view is that the relation of master and servant did not exist during the transportation, which view is sustained by 2 Labatt's Master and Servant (2 Ed.), section 624, p. 1832; McNulty v. R. Co., 182 Pa. 479, 38 A. 524, 38 L. R. A. 376, 61 Am. St. Rep. 721; Chattanooga Rapid Transit Co. v. Venable, 105 Tenn. 460, 58 S. W. 861, 51 L. R. A. 886; Peterson v. Traction Co., 23 Wash. 615, 63 P. 539, 65 P. 543, 53 L. R. A. 586; Sullivan v. R. Co., 73 Conn. 203, 47 A. 131; Lynch v. R. Co., 63 Tex. Civ. App. 260, 133 S. W. 522, 523; Williams v. Union Switch & Signal Co., 37 S. D. 423, 158 N. W. 901; 39 C. J. 555, 556.

Appellant cites authorities to sustain its contentions, and some of them do hold contrary to our holding in

this case; but we think the better reasoned authorities are the other way, and we do not think they are in conflict with the principles laid down by our court in the Hamilton and Holliman cases above referred to.

It follows from these views that the court committed no error in submitting to the jury the question of whether or not, at the time of appellee's injury, there existed between him and appellant the relation of master and servant.

The other question in the case calls for very little discussion. That question is whether the court erred in submitting to the jury the issue as to the competency of Walter Wood, the driver of the truck in which appellee was being carried when he was injured. It is the duty of the master to use due care in the selection of competent servants. The retention of an incompetent servant after the master has had reasonable notice, either direct or constructive, of such incompetence, constitutes negligence on the part of the master; the master is chargeable with knowledge of the incompetency of the servant if by the exercise of due care he could have ascertained such incompetency. A master is liable for an injury received by an employee on the ground of negligence in employing or retaining an incompetent servant, if such incompetency was the proximate cause of the injury. 39 C. J., sections 640, 641, pp. 533-535.

The evidence was ample to go to the jury on this question. Lowry, a witness who had been employed by appellant as shipping clerk, who, in addition to the duties of that department, testified that he had charge of employing and discharging appellant's truck drivers, and looked after them; that he knew Walter Wood, who was driving appellant's truck when the appellee was injured; had often observed him driving trucks, and that he handled a truck like an amateur; that he was unfit to drive a truck; and that appellant had a better opportun-

ity to know of Wood's unfitness in that respect than the witness had. Appellee and other witnesses gave evidence tending to show that Wood was an incompetent truck driver.

We think it clear that there was no error in submitting that issue to the jury.

Affirmed.