### TEXAS PACIFIC COAL & OIL CO. v. ROBERTSON et al.

#### No. 867.

Court of Civil Appeals of Texas. Eastland.
May 22, 1931.

Rehearing Denied June 19, 1931.

John Hancock and Clarence Wightman, both of Fort Worth, for appellant.

Turner, Rodgers & Winn, of Dallas, and L. H. Flewellen, of Ranger, for appellees.

LESLIE, J.

This suit was brought by Mrs. Beulah W. Robertson, surviving widow of George W. Robertson, Jr., individually, and as next friend of Beulah E. Robertson and George W. Robertson, 3d, minor children and heirs of George W. Robertson, Jr., as well as for George W. Robertson, Sr., and Julia Robertson, father and mother of George W. Robertson, Jr. It was alleged: That George W. Robertson, Jr., died intestate at Strawn, Palo Pinto county, Tex., and that no administration was had upon his estate, and none necessary. On December 9, 1929, he was employed by the Texas Pacific Coal & Oil Company as a laborer on the J. N. Stewart lease, and, while laboring on well No. 163, he received injuries resulting in his death. That on or about 12 o'clock of said day appellant caused an oil and gas well to be brought in which produced a large amount of gas and some oil, and that there was located by appellant a gasoline pump engine near the flow tank on said lease. That on said day Frank Sporer, an employee of the appellant, cranked said engine, and in so cranking up said gasoline pump engine in its condition and under the circumstances surrounding,—the air being permeated with gas from the well and flow tank,—he ignited said gas, setting fire to George W. Robertson, Jr., from which he was so badly burned that he died on December 10, 1929,—all of such acts alleged to constitute gross negligence upon the part of the defendant and its employees, acting within the scope of their employment, thereby rendering the defendant liable for the damages sued for.

The defendant entered a general denial, and specially pleaded that it carried workmen's compensation insurance in a certain company, and that by virtue thereof the plaintiffs had received an award for the injuries alleged and accepted such award, and therefore were entitled to no recovery in this suit.

The cause was submitted to the jury on special issues, upon the answers to which a judgment was rendered in favor of plaintiffs, and the defendant appeals.

The judgment of the trial court is sought to be reversed upon seven proposi-

tions of law. In the outset we dispose of a certain fundamental proposition involved in the appeal. We find that the act of Frank Sporer, the defendant's employee, in cranking, or attempting to crank, the gasoline pump engine at the time of the injury, was within the scope of his duties and employment at the time, and he, in cranking said engine, and his superior officer, in directing it to be cranked, were, at such time and under the circumstances, the alter ego of the defendant company under the law as declared in Chronister Lbr. Co. v. Williams, (Tex. Civ. App.) 28 S.W.(2d) 844; Id., 116 Tex. 207, 288 S. W. 402.

Consideration will now be given each proposition urged as a ground for the reversal of the judgment. Propositions 1 and 2 will be considered together. They in substance raise but a single question; that is, that the deceased, Robertson, at the time of receiving his injuries, was not pursuing his duties to the defendant company, but out of mere curiosity had left his work and line of duty on the floor of the derrick and climbed upon the flow tank, where his duties did not call him, and in violation of express orders, and while there received the injuries alleged; that in so doing he was a mere licensee, and obliged to accept the premises as he found them; that no duty rested on the defendant to make said place safe for the deceased. On this line of reasoning appellant further seeks to relieve itself of the liability for gross negligence by showing it was not even guilty of ordinary negligence, and in support of this, and especially the first contention, the following authorities are cited by appellant: Wimberly v. Gulf Production Co. (Tex. Civ. App.) 274 S. W. 986; Kruse v. Railway Co. (Tex. Civ. App.) 253 S. W. 623; St. Louis Southwestern Ry. Co. v. Spivey, 97 Tex. 143, 76 S. W. 748; St. Louis Southwestern Ry. Co. v. Hynson, 101 Tex. 543, 109 S. W. 929; Houston Belt & Terminal Ry. Co. v. Stephens (Tex. Civ. App.) 155 S. W. 703; Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S. W. 756, 8 Am. St. Rep. 611; Bustillos v. Southwestern Portland Cement Co. (Tex. Com. App.) 211 S. W. 929; Kirby Lbr. Co. v. Gresham (Tex. Civ. App.) 151 S. W. 847.

None of these authorities involve recovery for gross negligence, but abstractly they correctly state the rule with reference to the duty of the master or owner of premises to make them safe for a mere licensee. We do not see that the authorities have any application to the questions raised by this record.

Conceding that the deceased, as a driller, temporarily stepped aside from his regular duties at the well and inspected the contents of the flow tank at the time of his injuries, under the record such contention would amount to no more than one involving assumed risk or contributory negligence, if

any, on the part of Robertson, at the time of the injury, and, if such appeared as a matter of law, they would be available as defenses only in the event assumed risk and contributory negligence were defenses in this character of suit for damages based upon gross negligence. In the case of Magnolia Petroleum Co. v. Ford, 14 S.W.(2d) 97, this court held that they were not. That authority has been followed in Fort Worth Elevator Co. v. Russell (Tex. Civ. App.) 28 S.W.(2d) 320.

■ However, if our holding in the Ford Case be error, and finally so held (since our Supreme Court has apparently granted a writ of error on that particular point in the case of Fort Worth Elevator Co. v. Russell [Tex. Civ. App.] 28 S.W.(2d) 320), and assumed risk and contributory negligence be declared defenses available to the defendant in this character of suit, then, if it appears or be conceded that the testimony raised such issues in the trial court, they were not submitted to the jury, and no request for their submission was made by appellant, and therefore must be held to be waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■■ We are convinced, and so hold that the testimony does not, as a matter of law, convict Robertson of contributory negligence at the time of his injury. Further, the defendant did not affirmatively allege the deceased was guilty of contributory negligence, and, while it is ordinarily true that such negligence, as an affirmative defense, must be pleaded by him who would avail himself of it, nevertheless such pleading is not necessary when it appears from the plaintiff's own showing, either in his pleadings or his proof, that his own negligence contributed to his injury. Jones et al. v. Sunshine Grocery & Market (Tex. Civ. App.) 236 S. W. 614; 14 C. J. p. 1117, § 694. Such a situation is not presented by the plaintiffs' pleadings or proof in this case.

The conclusion is that, granting the validity of said defenses in this suit (Ford and Russell Cases to the contrary), no issue was made on the same in the trial court, and they become immaterial on this record. Propositions 1 and 2 are overruled.

Proposition 3 complains that the court erred in not instructing a verdict for the defendant, "because the proof does not show that the fire which fatally burned the deceased Robertson was started by a backfire of the gasoline engine, as specifically alleged by the plaintiffs." The plaintiffs alleged negligence in general terms and then particularly in four respects, the third of which was: "In the act of the agent, servant and employee Frank Sporer in cranking up the gasoline pump engine in its condition and under the circumstances so surrounding him as hereinbefore alleged, at a time when he knew that the air was filled with natural gas, which he knew was easily and could be ignited by sparks from the exhaust from said gasoline pump engine at a time when the deceased George W. Robertson, Jr. was located within the sphere of said natural gas, if and when it became and did become ignited."

■ This ground of negligence was evidently the basis of the sole issue submitted on that phase of the case, and the proposition under consideration involves merely an evidentiary matter. Under the testimony, the court did submit an ultimate issue, embodying an alleged ground of negligence, and that is all it was required to do. Houston Belt & Terminal Ry. Co. v. Barger (Tex. Civ. App.) 176 S. W. 870; Wichita Falls & S. R. Co. v. Tucker (Tex. Civ. App.) 261 S. W. 518.

The plaintiffs' ground of negligence did not rest exclusively upon a circumstance that a backfire caused the fatal fire. The specific acts of negligence evidenced by the above excerpt from the pleadings and submitted to the jury did not directly mention this evidentiary matter. It is difficult to see how the defendant could claim an instructed verdict on the point, and, believing it without merit, it is overruled.

■ By proposition 4, the defendant asserts that the court erred in overruling the defendant's motion for an instructed verdict, "because the testimony is insufficient to raise an issue of fact as to gross negligence on the part of the defendant by merely locating the engine within close proximity of the flow tank." Negligence in so locating the engine is alleged by the plaintiffs in their second specifically alleged ground of negligence, and possibly in their first, but no issue based upon that ground of negligence was submitted to the jury, although the evidence apparently would have justified the same, and the plaintiffs are not here complaining of such omission. The issue simply passed out of the case, and the defendant is not injured thereby. Further, if the proposition be considered a correct one, it would not demonstrate that the judgment does not rest on sufficient grounds, to wit, the answer of the jury in response to issue No. 1, which in itself was the submission of an ultimate issue. The proposition deals with a theory of recovery that was waived, and which in no way affects the validity of the theory of recovery approved by the trial court. It does not even contend that there was no evidence on the issue actually submitted.

Proposition 5 is: "The court erred in submitting and rendering judgment on the answer of the jury thereto, Question No. 1, wherein the jury is asked if the cranking of the gasoline engine at the time and place,

and under the circumstances, was the proximate cause of the death of George W. Robertson, Jr., because it was specifically alleged by the plaintiffs that the cause of the injury to the said Robertson was a backfire of the gas engine, and said issue as to whether a backfire caused the fire and resulting injury to Robertson should have been submitted to the jury and not the above mentioned issue as set forth in said Question No. 1."

The meaning of this proposition is not clear. We are inclined to think the author of the proposition had in mind "Question No. 2" (inquiring whether or not the gross negligence found in answer to "Issue No. 1" was the proximate cause of Robertson's death) rather than "Question No. 1," which inquired if the defendant was guilty of gross negligence in attempting to crank up the gasoline engine at the time and place and under the circumstances.

If the language is the language intended, it would appear to complain that, since "it was specifically alleged by the plaintiffs that the cause of the injury to the said Robertson was a backfire of the gas engine, and said issue as to whether a backfire caused the fire and resulting injury to Robertson should have been submitted to the jury," instead of "Issue No. 1." Such a conclusion is not warranted by the record. We do not regard this as any showing that some other ultimate issue, and especially the one submitted, should not have been given at all. The proposition itself suggests no sufficient reason why it should have been substituted for issue No. 1, based upon pleadings and testimony peculiar to itself. As before noted, different grounds of negligence were specifically alleged, and the one submitted does not expressly mention any "backfire of a gasoline engine," though it was broad enough to embrace this and other such evidentiary matters entering directly into a situation charged to evidence the fact of gross negligence.

If it were intended to refer to "Question No. 2" in the proposition, it is also believed to be without merit. In that case it would seem to argue that the court (in asking the jury if the gross negligence found by it was the proximate cause of Robertson's death) erred in so doing, because in another part of the pleadings the plaintiffs alleged "that the cause of the injury to said Robertson was a backfire of the gasoline engine, and that said issue as to whether a back-

fire caused the fire and resulting injury to Robertson, should have been submitted to the jury, and not the above mentioned Issue No. 1." This reasoning is not logical, and it does not establish that the court erred in submitting the issue of proximate cause in question No. 2 and rendering a judgment upon it and its allied issue No. 1.

Further, proposition 5 may well be regarded as a contention that the court erred in not submitting as an issue to the jury a matter regarded by us as strictly evidentiary and not an ultimate issue of fact.

In proposition 6 it is complained that the court erred in refusing to define in his charge to the jury the meaning of the word "punitive." No such word or term is found in the charge. The term "exemplary damages" was used and is correctly defined.

■ By proposition 7 appellant complains that the court erred in overruling its motion to set aside the answer of the jury to question No. 1, whereby the jury found that defendant was guilty of gross negligence in attempting to crank the gasoline engine at the time and place and under the circumstances, "because said answer is contrary to and against the weight and preponderance of the evidence." If this proposition be deemed sufficient to raise the question of the sufficiency of the testimony to support a finding of gross negligence on the issue submitted, it is nevertheless found in the brief, unaccompanied by any statement whatever from the testimony adduced in the trial below, and constituting a statement of facts containing many pages. Issue No. 1 only is set out and no character of statement reflecting the vice asserted by the proposition. In this situation the proposition must be regarded as waived or abandoned, as discussed and held by this court in Goodwin v. Hedrick et al., 7 S.W.(2d) 596. Numerous authorities, in addition to those cited in the instant case, and to the same effect, may be found in 3 Tex. Jur. §§ 620–622.

However, a careful consideration of the testimony by each member of this court leaves us with the common view that the evidence is sufficient to support the verdict, according to the definition of gross negligence, as we understand it, and as defined by our Supreme Court in the authorities cited by us in the case of Magnolia Petroleum Co. v. Ford, supra.

For the reasons assigned, the judgment of the trial court is affirmed.