## TACKETT v. MIDDLETON et al.
### (No. 578-4397, Motion No. 7008.)

(Commission of Appeals of Texas, Section B. March 17, 1926.)

1. **Appeal and error ⬅⬆917(3)—Court considered demurrers, as going to merits, and holding that no cause of action was stated deemed to have sustained general demurrer.**

Where an examination of pleadings distinctly shows that court, in passing on demurrers, considered them as going to merits of case, and held that there was no cause of action stated in petition, it will be deemed to have sustained a general demurrer, which is always one of substance rather than form.

2. **Appeal and error ⬅⬆917(1)—Test of correctness of rulings sustaining general demurrer is whether, admitting all averments in pleading, it constitutes such cause of action or ground of defense as will sustain judgment thereon.**

Test of correctness of rulings sustaining a general demurrer, is whether, admitting all averments in pleading to be true, it constitutes such cause of action or ground of defense as will sustain a judgment thereon, and, if it does, demurrer ought to be overruled, and, if not, demurrer should be sustained.

3. **Municipal corporations ⬅⬆868(1)—If payment for architect's services was to be made out of current revenues or out of certain funds on hand, debt was valid, though it remained unpaid.**

If payment by city for services of architect was to be made out of current revenues of city, or if it was intention of parties that payment should be made out of certain funds

then on hand, debt was valid, notwithstanding it was not paid out of such funds, and remained unpaid.

Error to Court of Civil Appeals of Second Supreme Judicial District.

On motion for rehearing. Motion overruled.

For former opinion, see 280 S. W. 563.

SHORT, J. On plaintiff in error's motion for rehearing in the Court of Civil Appeals, that court, in its concluding paragraph overruling the motion, says:

"Any obligation or debt created by a city government, which cannot be discharged from the revenues of the current year, and which matures at a period which makes it a charge upon the revenues for future years, is a debt within the meaning of sections 5 and 7, art. 11, state Constitution."

[1, 2] This language of the Court of Civil Appeals, as well as the whole record of the proceedings upon the hearing, shows that the general demurrer to the plaintiff in error's cross-action was sustained by that court. Where an examination of the pleadings distinctly shows that the court, in passing upon the demurrers, considered them as going to the merits of the case, and by the ruling held that there was no cause of action stated in the petition, the conclusion is forced upon this court that the trial court as well as the Court of Civil Appeals sustained a general demurrer, which is always one of substance rather than of form. Bomar v. Parker, 4 S. W. 599, 68 Tex. 438. In testing the correctness of the ruling of the court below sustaining a general demurrer to a pleading, the true rule to be applied is this:

That, "admitting to be true all the averments in the pleading, then does it constitute such cause of action or ground of defense as will sustain a judgment thereon? If it does, the demurrer ought to be overruled; and, if it does not, the demurrer should be sustained." George v. Vaughan, 55 Tex. 131.

[3] The authorities cited in the motion for rehearing amply sustain the propositions for which the defendants in error contend, to the effect that no debt should ever be created by any city unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and create a sinking fund of at least 2 per cent. thereon, and further to the effect that no debt for any purpose shall ever be incurred in any manner by any city, unless provision is made at the time of creating the same for levying and collecting a sufficient tax to pay the same, and to the effect, further, that no contract shall be entered into by the city of Gainesville until an appropriation has been made therefor, nor in excess of the amount appropriated. These propositions, while sound, are not applicable to the matter under discussion,

as all of the authorities cited by the defendants in error demonstrate. The cross-action alleged, in substance, that payment for the services was to be made out of the current revenues of the city of Gainesville. It further alleged that, even if the foregoing allegation was not true, yet nevertheless it was the intention of the parties that payment for these services should be made out of a certain fund then on hand. In either case, a cause of action measured by a general demurrer was stated, and, if true in either case, the debt was valid, notwithstanding the fact that the debt was not paid out of said funds and remains unpaid. Winston v. City of Fort Worth (Tex. Civ. App.) 47 S. W. 746; McNeal v. City of Waco, 33 S. W. 322, 89 Tex. 85.

In construing written contracts, the rule is in nowise different from that in oral contracts so far as determining the intention of the parties is concerned. That intention is usually only to be discovered after the evidence has been heard. It may be that the condition of the revenues of the city of Gainesville was such as that a jury passing on the facts in discovering the intention of the parties would conclude that it could not have been their intention to pay for these services out of the current funds of the city of Gainesville, derived from the ordinary method of taxation for that particular year, in which event the claim of the plaintiff in error would be invalid, unless the facts should be ascertained that it was the intention of the parties that payment for the services rendered by the plaintiff in error should be made out of the particular fund further alleged by the plaintiff in error.

The case of Toole v. First National Bank of Hemphill (Tex. Civ. App.) 168 S. W. 423, illustrates how, under proper pleadings supported by proper evidence, the claim of the plaintiff in error would be defeated. That case involved and attempted expenditure by the county of Sabine of the sum of $2,000 for the drilling of a well upon the public square of the county seat, and the evidence disclosed that the assessed value of all taxable property in Sabine county for that year was $4,-807,206, which yielded revenue of $9,328.59, and that the ordinary expenses of the county government for that year were $14,196.95, exclusive of this item of $2,000, from which testimony the court concluded, as a matter of law, that the parties to the contract had no reasonable grounds to believe and could not have reasonably contemplated that the contract price of the well could have been paid out of the current revenues of the county. So in this case it might be that, upon a hearing of the testimony in passing upon the intention of the parties making the contract pleaded in the cross-action, the conclusion would be forced that neither the city of Gainesville nor the plaintiff in error had reasonable grounds to believe or could have reasonably contemplated that the contract price for any part of

the services which had been rendered and which were to be rendered could be paid out of the current revenues of the city; and it might be further concluded, by a jury trying the case, that it was not the intention of the city of Gainesville and the plaintiff in error that payment for his services as an architect should have been made entirely out of the fund then on hand, in either of which events the propositions for which the defendants in error contend would then apply.

We have only made these observations for the purpose of elucidating what in fact we intended to decide in our original opinion, but without intending in the least to intimate that a trial would necessarily result in either one of these conclusions.

We recommend that the motion for rehearing be overruled.