### JOHNSON v. TAYLOR. (No. 3047.)

Court of Civil. Appeals of Texas. Amarillo. June 5, 1928.

Rehearing Denied Sept. 12, 1928.

R. L. Graves, of Brownfield, for appellant.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellee.

JACKSON, J. The plaintiff, W. S. Johnson, instituted this suit in the district court of Yoakum county, Tex., against M. Taylor, defendant, on a promissory note, and to foreclose certain liens alleged to be given to secure the payment thereof. M. Taylor died after the institution of the suit, and, by proper proceedings, his surviving wife, M. E. Taylor, was made defendant.

Plaintiff alleges that on or about February 4, 1923, M. Taylor made, executed, and delivered his promissory note, payable to plaintiff, in the sum of $2,493.71, at the Brownfield State Bank, at Brownfield, Tex., eight months after date, bearing 10 per cent. interest and providing for the usual 10 per cent. attorney's fees. He alleges default in the payment of the note, pleads that it was secured by a chattel mortgage lien on certain live stock, and a deed of trust lien on certain real estate, sets up the terms and provisions of the note, mortgage, and the deed of trust, and asks for a judgment for his debt and a foreclosure of his liens.

M. E. Taylor, the defendant, pleaded general demurrer, general denial, and, by an answer, properly verified, alleged that the representatives of the Stock Raisers' Loan Company, a corporation, induced M. Taylor, her deceased husband, on or about March 17, 1920, to execute a promissory note for the sum of $2,000, payable to himself, and deliver it to such representatives for 200 shares of the capital stock of said corporation; that said note was the only consideration given for said capital stock and the note was therefore void under the laws and Constitution of this state; that on the same day of the execution of said note, or immediately thereafter, the representatives of said corporation transferred the note to the Brownfield State Bank of Brownfield, Texas, and that said bank and its agents and officers had actual knowledge of the purpose for which said note was executed and the consideration for which it was given; that said note was thereafter renewed by the deceased, M. Taylor, from time to time, and, on February 4, 1923, as the defendant is informed and believes and on such information and belief alleges, plaintiff had on deposit with the Brownfield State Bank a sum sufficient to pay the principal and accumulated interest on the renewal note executed by the deceased, M. Taylor, to the

bank to take up and discharge the original note given for the shares of stock in the corporation; that it was agreed between the plaintiff and said bank that the bank should loan plaintiff's money that he had on deposit with it and guarantee the payment thereof from the borrower; that the plaintiff constituted the bank, its officers and representatives, his agent to make the deal with M. Taylor, deceased, for him; that the bank, under the pretense of renewing the renewal note theretofore given for stock in said corporation, induced the deceased, Taylor, to execute the note sued on to plaintiff; that the bank had actual knowledge of the fact that the original note and all renewals thereof were illegal and void, acted as plaintiff's agent in securing the note sued on, and the plaintiff, while he had nothing personally to do with the transaction, was bound by the acts of the bank, which was his agent; that all of the live stock and real estate covered by the chattel mortgage and deed of trust became the property of the defendant by virtue of the last will and testament of her deceased husband, M. Taylor; that said liens cast a cloud upon her title thereto; and she asked that plaintiff take nothing by his suit, and that said liens be canceled.

The plaintiff, by supplemental petition, in reply to defendant's answer, pleaded general demurrer, general denial, that the instruments sued on were for a valuable consideration, denied the agency of the bank to represent him in the transaction, and alleged that he personally made the loan to M. Taylor.

In response to the one special issue submitted by the court, the jury found that the plaintiff, W. S. Johnson, did not, as an individual, negotiate the loan with M. Taylor, deceased, and that said Taylor did not, as security for said loan, execute the note and deed of trust herein sued upon. Upon this verdict, the court rendered judgment that the plaintiff, W. S. Johnson, take nothing by his suit against M. E. Taylor, and that the chattel mortgage lien and deed of trust lien both be canceled and held for naught, from which judgment the plaintiff, as appellant, prosecutes this appeal.

Appellant assigns as error the action of the trial court in overruling his general demurrer urged to the defense pleaded by appellee in her answer.

■ In testing the sufficiency of a pleading as against a general demurrer, every reasonable intendment must be indulged in favor of the pleading (St. Louis Southwestern Ry. Co. of Texas v. Spivey, 97 Tex. 143, 76 S. W. 748), and the allegations made must be considered as true (Tackett v. Middleton et al. (Tex. Com. App.) 281 S. W. 1047, 44 A. L. R. 1143).

■ Appellee alleged that the appellant had constituted the bank his agent to make the loan to M. Taylor, deceased, that the bank knew of the invalidity of the original notes and the renewals thereof given for stock in the corporation, and that the note sued upon was, in effect, a renewal of the original transaction. The answer does not clearly and affirmatively allege that the appellant was the trustee for the bank or that the bank was the equitable owner of the note, or that appellant and the bank were acting together for the purpose of collecting a void note (Nickels v. Gilmore, 293 S. W. 884), but in our opinion, the allegations were good against a general demurrer.

Appellant presents as error the action of the trial court in permitting the appellee to testify that the original note dated March 17, 1920, and the renewals thereof, were given for stock in the Stock Raisers' Loan Company, over his objection that no predicate had been laid connecting such notes with the transaction in the suit. The evidence discloses without contradiction that the original note and the renewals thereof were given for stock, and that the bank, at the time it purchased the original note and took the renewals thereof, had actual knowledge of the purpose of and consideration for said notes, and tends to show that it acted for appellant in obtaining the note sued on.

Appellant assails as error the action of the trial court in refusing to direct a verdict in his behalf, because the testimony fails to raise any issue that would defeat the note sued on.

In view of the fact that the case must be reversed, we shall refrain from discussing the testimony, but it was, we think, sufficient to require the submission of proper issues to the jury.

■■ The court based his judgment on the finding of the jury that the appellant did not, as an individual, negotiate the loan with the deceased, M. Taylor, and that Taylor did not, as security for the loan, execute the note and deed of trust sued on. It is admitted in the pleadings and disclosed by the uncontroverted testimony that the deceased, M. Taylor, did execute the note and deed of trust, and the finding of the jury that he did not do so is not only against all the testimony but against the admissions of appellee. The fact that the appellant did not, as an individual, negotiate the loan does not establish the defense pleaded to the note by appellee, and this finding, standing alone, is insufficient to authorize the judgment of the court. The case having been submitted to a jury, we are not authorized to assume that the judge determined the defense to the note pleaded by appellee, as he has power to make findings only on incidental and subsidiary matters necessary to support the judgment. Ormsby et al. v. Ratcliffe (Tex. Sup.) 1 S.W. (2d) 1084. The appellee, however, did not waive her right to have the proper issues of her defense submitted to the jury, as she requested special issues which would have

determined her right to defeat the note sued upon by appellant, but these issues, the court refused to submit, though not objected to by the appellant.

Because the finding of the jury is not sufficient to authorize the judgment entered in favor of appellee, the judgment is reversed and the cause remanded.