Luis A. CHAVEZ, Appellant,

v.

Irma Gandara CHAVEZ, Appellee.

No. 6745.

Court of Civil Appeals of Texas,
El Paso.

Jan. 3, 1979.

Rehearing Denied Feb. 7, 1979.

Dick Stengel, El Paso, for appellant.

John H. Whitaker, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is a suit between former spouses on a contract in the nature of a property settlement agreement in their divorce action. The former wife brought this suit against the former husband for failure to continue to make payments of $100.00 per month under the contract. Following trial by jury, the Court entered judgment for $3,800.00 as damages for past due installments and all future installments. We affirm.

The contract divided the property of the parties and the provision here sued on was that the husband would pay $100.00 per month to the wife until the sum of $6,000.00 was paid. The agreement was approved by the Court granting the divorce, and the defendant, Appellant here, made payments for some eighteen months. When the Appellant became delinquent in his monthly

payments, Appellee brought this suit alleging such delinquency and seeking to mature the full amount of future payments. Appellant objected to the pleadings of the Appellee as being insufficient on the issue of anticipatory breach, and the overruling of his exceptions to the pleadings is his first point of error in this Court.

 The law of Texas is that the anticipatory repudiation of a contract entitles the wronged party to recover as of the date of the repudiation the present value of all that he would have received had the contract been performed. *Republic Bankers Life Insurance Company v. Jaeger*, 551 S.W.2d 30 (Tex.1976); *Pollack v. Pollack*, 39 S.W.2d 853 (Tex. Comm'n App., Section A, 1931, opinion approved); *Continental Casualty Company v. Boerger*, 389 S.W.2d 566 (Tex.Civ.App.—Waco 1965, writ dism'd); *Universal Life and Accident Ins. Co. v. Sanders*, 129 Tex. 344, 102 S.W.2d 405 (Tex. Comm'n App., Section A, 1937, opinion approved). In the case before us, plaintiff's pleadings are meager, but we think they are sufficient. After pleading the making of the contract, incorporating it into her original petition, and setting out the obligation to pay $100.00 per month until the sum of $6,000.00 had been paid, plaintiff pled:

"III.

That Defendant has paid $2,200.00, leaving $3,800.00 due; and, because of his failure to pay the additional payments, has matured the entire amount."

Appellant excepted to the pleading on the ground that it was not sufficient to plead anticipatory breach and would not support a judgment thereon. Appellant's objection to the pleading is that it does not follow the rule that before recovery can be had on a theory of anticipatory breach there must be a distinct and unequivocal absolute refusal to perform under the contract. *McKenzie v. Farr*, 541 S.W.2d 879 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.). To meet that rule, plaintiff in our case has pled that defendant was obligated to pay the sum of $6,000.00 in monthly installments of $100.00 each, that he paid $2,200.00 leaving

$3,800.00 due, and "because of his failure to pay the additional payments, has matured the entire amount." As a pleading, we think this is sufficient to put the defendant on notice that plaintiff is claiming that the entire amount is now due by his repudiation, consisting of his act of failing to pay the additional payments. Repudiation can be by words or conduct and as said in *Continental Casualty Company v. Boerger, supra*:

"Repudiation consists in 'such words or actions by a contracting party as indicate that he is not going to perform his contract in the future.' Samuel Williston, 'Repudiation of Contracts,' Select Readings, Assoc. of American Law Schools 1080; 14 Harv.L.Rev. 317. See *Moore v. Jenkins*, 109 Tex. 461, 211 S.W. 975, 976. It is conduct which shows a fixed intention to abandon, renounce, and refuse to perform the contract. *Kilgore v. Northwest Texas Baptist Educational Soc.*, 90 Tex. 139, 37 S.W. 598, 600; *Burks v. Neutzler*, Tex.Com.App., 2 S.W.2d 416, 418; *Moore v. Middleton*, Tex.Com.App., 12 S.W.2d 995, 997; . . ."

Plaintiff has pled, then, that by his conduct the defendant repudiated the agreement; that by his failure to pay the installments he has matured the entire amount. The point of error as to the sufficiency of the pleadings is overruled.

 Appellant, as a point of error, contends that the trial Court erred in refusing to allow cross-examination of Appellee on the question of adequate contractual consideration. We overrule the contention because Appellant has no Bill of Exception showing what the testimony would be if permitted, and for the further reason that Appellant was not entitled to go into the question of consideration because failure of consideration had not been pled by verified denial as required by Rule 93(j), Tex.R. Civ.P.

 We also overrule Appellant's other point of error that the trial Court erred in overruling his motion for continuance. The matter of granting a continuance rests

within the sound discretion of the trial Judge. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.1963). The record will not support a finding that the trial Court abused its discretion. We therefore overrule the point of error.

The judgment of the trial Court is affirmed.