Beverly Doelling MADNICK, Appellant,

v.

James H. DOELLING, Appellee.

No. 08–86–00020–CV.

Court of Appeals of Texas, El Paso.

July 30, 1986.

Rehearing Denied Aug. 28, 1986.

Jerry P. Childs, Childs & Bishop Law Offices, Odessa, for appellant.

Leota Alexander, Alexander & Mauzy, Dallas, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Chief Justice.

This appeal raises the question of whether the provision in a property settlement agreement for child support, which was incorporated into a divorce decree, is en-

forceable as a contractual right under Section 14.06(d) of the Texas Family Code. Having concluded that the provision is enforceable under the Code, we reverse and remand.

These parties entered into a "Property Settlement Agreement Incident to Divorce" in 1981 which was "in all respects approved, affirmed and incorporated into this final judgment of divorce by reference for all purposes * * *." In that agreement, James Herman Doelling agreed to pay $1,500.00 a month as child support for his two children. The agreement provides:

> In order to discharge his duty of support to said children, Respondent agrees to pay the sum of $1,500.00 a month as child support, said sum being $750.00 per month per child, said $1,500.00 being payable on the 1st day of each and every month, commencing $1500.00 on September 1, 1981, and a like payment on October 1, 1981, and like amount on the first day of each and every month thereafter until the child with respect to whom payments are being made shall attain the age of eighteen (18). All child support payments shall be made through the Child Support Division of the Ector County District Clerk's Office, Courthouse, Ector County, Texas.
>
> Each child designated above is a third party beneficiary of the covenants made in his behalf and each child in his own name and by next friend, or other representative, may enforce the performance of those covenants.

The Texas Family Code in Section 14.06 provides that parties may enter into a written agreement concerning provisions for conservatorship and support of their children. Section 14.06(d) states:

> Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless the agreement so provides.

In this case, the trial court in findings of fact found that pursuant to motions to modify, an order was entered on August 11, 1983, reducing the child support payments to $1,000.00 per month with payments of $400.00 per month for an annuity for the benefit of the children, and on April 11, 1985, an order was entered further reducing child support payments to $800.00 per month with a deletion of the requirements of payments for an annuity. The court in conclusions of law found that the contract does not contain the provisions required by Section 14.06(d) of the Family Code in order to be enforceable as a contractual right.

By a single point of error, the Appellant asserts the trial court erred in holding the agreement was unenforceable under Section 14.06(d) of the Texas Family Code. The question is close and the authorities are few. As noted by Professor John J. Sampson in the Texas Tech Family Code Symposium, 13 Tex.Tech L.Rev. 927 at 945 (1982):

> Subsection (d) ensures that the agreed terms of conservatorship, ratified by the court, will not constitute a contract unless that is the intent of the parties.

In determining the intention of these parties, we must look to the language they used. While they did not say the support provision was an "enforceable contractual obligation," they did recognize that covenants had been made. They recognized the children as beneficiaries of the covenants. They further agreed as to who could enforce the covenants.

With regard to the word "covenant," Black's Law Dictionary, 5th Ed., 1979, says: "In its broadest usage, means any contract."

The use of the term "beneficiary" recognizes that there are those who stand to gain or benefit from the contractual agreement. Again, the use of "performance" recognizes that there is a contractual obligation upon the part of one of the parties. And in both instances the parties speak of "beneficiaries of the covenants" and "performance of those covenants," and not just beneficiaries under the judgment or performance under the judgment.

The case law is clear that where the support obligation arises from a judgment ordering payments, the trial court may modify or alter the amount of the payments as originally set, but it may not modify a contractual obligation arising out of the terms of the settlement agreement in the absence of fraud, accident or mistake, except by the consent of the parties. See: *Lee v. Lee*, 509 S.W.2d 922 (Tex.Civ. App.—Beaumont 1974, writ ref'd n.r.e.), and *Alford v. Alford*, 487 S.W.2d 429 (Tex. Civ.App.—Beaumont 1972, writ dism'd), both of which were decided prior to the adoption of the Texas Family Code.

In *Dorshaw v. Dorshaw*, 635 S.W.2d 783 (Tex.App.—Corpus Christi 1982, no writ), the court said:

> We interpret Section 14.06(d) to mean that unless the parties stipulate that the agreement is to survive the judgment and be enforceable as a contract, contract law no longer governs.

In his concurring opinion, Chief Justice Nye said that if a consent agreement is incorporated into a divorce decree, and if the agreement provides that it may be enforced by contract terms, the trial court may not modify the child support provisions. In that case, the court did not set out the controlling language of the settlement agreement and the actual results of the case are not meaningful to our disposition of the case at bar.

In *Ruhe v. Rowland*, 706 S.W.2d 709 (Tex.App.—Dallas 1986, no writ), the court set forth the entire provision of the settlement agreement with regard to child support. The court found the agreement to be contractual even without any express language that the terms were enforceable as a contract as required by Section 14.06(d), Texas Family Code. In the case at bar, the agreement does provide that each child or his representative may enforce the covenant (contractual right) for child support. We sustain Point of Error No. One and reverse that part of the trial court's judgment which held the child support agreement was unenforceable as a contractual obligation, and we hold the agreement is enforceable as a contractual obligation under Section 14.06(d), Texas Family Code.

Although the Appellant sought to recover attorney's fees in the trial court, there is no point of error complaining of the trial court's denial of attorney's fees and we may not reverse on unassigned error. *American General Fire and Casualty Company v. Weinberg*, 639 S.W.2d 688 (Tex.1982). We remand the case to the trial court for a determination as to the amount owed by the Appellee under the provisions of the property settlement agreement for unpaid child support.

STEPHEN F. PRESLAR, C.J., not sitting.