**Morton Harry LEONARD, Appellant,**

v.

**Sheryl Freed LANE, Appellee.**

**No. 01–91–00198–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 7, 1991.

Rehearing Denied Nov. 27, 1991.

Patrick Reilly, Galveston, Ann J. Craw-ford, El Paso, for appellant.

Elmo Schwab, Galveston, for appellee.

Before SAM BASS, DUNN and HUGHES, JJ.

## OPINION ON MOTION
## FOR REHEARING

SAM BASS, Justice.

Appellant has filed a motion for rehearing asserting that this Court erred in concluding that appellee did not breach the agreement incident to divorce by seeking an increase in child support. We overrule the motion for rehearing. However, we withdraw our previous opinion dated October 10, 1991, and issue this opinion in its place.

This appeal is from an order modifying child support in favor of Sheryl Freed Lane (Wife), and against Morton Harry Leonard (Husband). After a bench trial, the trial court ordered the child support to be increased to further the best interests of the children.

The order is affirmed.

The parties were divorced in 1980 in El Paso County, Texas. At the time of the divorce, they entered into an agreement incident to divorce that was incorporated by reference into the final divorce decree. With regard to child support, the agreement provided that Husband would pay child support in the amount of $1,000 per month until the youngest child attained the age of 21. He further agreed, and the decree ordered, that he pay temple or syna-

gogue dues, Jewish Community Center dues, one-half of the tuition and fees for nursery school and kindergarten, and all medical and dental expenses until each child reached the age of 21.

In 1989, Wife filed suit seeking an increase in child support on behalf of the parties' three children. Husband counterclaimed for breach of contract, asserting that the agreement incident to divorce provides a contractual defense to Wife's modification action seeking an increase in child support.

The trial court increased the child support from $1,000 to $3,000 per month and denied all relief requested by Husband. The court further found contractual provisions for child support that may be construed as prohibiting an increase in child support are void as a matter of public policy.

In appellant's first three points of error, Husband distinguishes between enforcement of the agreement and enforcement of the court order. He first asserts that the trial court erred in denying his counterclaim for breach of contract. Secondly, he claims that the trial court erred in concluding that Wife is not barred from seeking an increase in child support. In his third point of error, he argues that the trial court erred in concluding that the contractual provisions prohibiting an increase in child support are void as a matter of public policy. All three points of error are overruled.

Husband correctly asserts that Tex.Fam. Code Ann. § 14.06(d) (Vernon 1986) provides that the terms of an agreement incident to divorce set forth in the decree are not enforceable as a contract unless the agreement so provides. He urges this Court to hold that, because the agreement between Husband and Wife provided for contract enforcement, subsequent modification of child support payments is prohibited.

This argument has been rejected in *Hoffman v. Hoffman*, 805 S.W.2d 848 (Tex. App.—Corpus Christi 1991, *writ denied*). In that case, the father had contractually agreed to pay $800 per month child support. The divorce decree ordered him to pay the same amount. The mother requested an increase in support payments due to changed circumstances. The father responded that the divorce decree was contractual with respect to child support and could not be modified unless fraud, accident, or mistake were shown.

The court differentiated between the two methods for providing child support: by court order and by contract. It held that the trial court had the power to modify the support order. The court further held that the mother is not estopped to request an increase in child support where she seeks to modify only the decree, not the agreement.

 Our case is directly on point with *Hoffman*. In Wife's motion to modify, she stated that the order she sought to modify was the decree of divorce dated October 16, 1980. Nowhere in her motion does she seek to modify the agreement incident to divorce. The reasoning of *Hoffman* therefore applies. A motion to modify goes only to the court-ordered support and not to the contractual agreement. The court has the right to act in the best interest of the child, notwithstanding any agreements of the parties. Thus, Wife clearly is not barred from seeking an increase in child support.

██ Husband relies on *Ruhe v. Rowland*, 706 S.W.2d 709 (Tex.App.—Dallas 1986, no writ) to support his assertion that the trial court may not modify support. In *Ruhe*, the Dallas Court of Appeals held that a husband was obligated to pay his ex-wife the contractual amount of child support although the district court had decreased the court-ordered child support payments. Husband argues that "what is good for the goose should be good for the gander." In other words, the payor spouse should be able to sue on the contract just as the *Ruhe* court allowed the payee spouse to do. We find that either spouse may sue on the contract, provided that the other spouse has breached the agreement by words or actions.

Husband, in his first amended counterclaim for breach of child support contract, states that Wife

"has demonstrated a clear, present, and unconditional intention to pursue her Motion to Modify seeking an increase in child support thereby anticipatorily repu[diating] her agreement that the child support provisions of the Agreement Incident to Divorce and Decree of Divorce were contractual and binding all to Counterclaimant's damage in an amount yet to be determined...."

This is the only act of breach asserted by Husband. He seeks damages or, in the alternative, rescission of the agreement because of Wife's breach.

■ Repudiation consists of words or actions by a contracting party which indicate that he is not going to perform his contract in the future. It is conduct which shows a fixed intention to abandon, renounce, and refuse to perform the contract. *Chavez v. Chavez*, 577 S.W.2d 306, 307 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.). Husband claims that Wife, by bringing a support modification action, has repudiated the agreement. However, Wife cannot breach the contract by seeking a modification of court-ordered support. Contrary to Husband's assertion in his third point of error, a provision in an agreement that the parties will not seek a future increase in child support is not enforceable or binding upon the court as a matter of public policy. *Galaznik v. Galaznik*, 685 S.W.2d 379, 383 (Tex.App.—San Antonio 1985, no writ). Parties cannot by contract deprive the court of its power to guard the best interest of the child. Since Wife has not repudiated the agreement in any manner, Husband has no counterclaim for breach, anticipatory or otherwise. Further, Wife does not breach the agreement merely by accepting larger payments than those for which she contracted. Her duty under the contract was to receive $1000 per month and use that money to support her children. She continues to do so, in spite of the court's modification of the divorce decree. Thus, the trial court did not err in denying Husband's counterclaim for breach of contract.

Appellant's points of error one, two, and three are overruled.

In his fourth point of error, Husband argues that the trial court erred in denying the alternative relief he sought by way of rescission of his contractual obligations for child support pursuant to the agreement incident to divorce.

■ As set forth in TEX.FAM.CODE ANN. § 14.06 (Vernon 1986), it is the public policy of Texas to promote amicable agreements between divorcing parties. Thus, a court may modify a contractual obligation arising out of a property settlement agreement only if there is evidence of fraud, accident, or mistake. *Madnick v. Doelling*, 713 S.W.2d 799, 801 (Tex.App.—El Paso 1986, writ ref'd n.r.e.).

Husband bases his request for rescission of the contract on Wife's breach of the agreement. However, Wife did not breach. First, she sought to modify only the decree, not the agreement. Second, any provisions of the agreement incident to divorce that may be construed as providing that no increase in child support may be sought in the future are void as against public policy.

■ The agreement is valid because there is no evidence of fraud, accident, or mistake. There has been no breach of the agreement; thus, the court has no power to rescind.

Appellant's fourth point of error is overruled.

In appellant's fifth point of error, he alleges that the trial court erred in awarding attorney's fees in connection with appeals to this Court and the supreme court without conditioning language.

Husband relies on *Jacobs v. Jacobs*, 669 S.W.2d 759 (Tex.App.—Houston [14th Dist.] 1984), *rev'd on other grounds*, 687 S.W.2d 731 (Tex.1985), in support of his assertion that a decree which awards one of the spouse's attorney's fees on appeal must contain language that the award is conditioned upon the appellant-spouse's failure on appeal. He urges that a decree may not award appellate fees regardless of the outcome of the appeal.

This court found *Jacobs* not to be controlling in *Matthews v. Matthews*, 725 S.W.2d 275, 281 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), and held that attorney's fees could be taxed against either party, regardless of success on appeal. Likewise, *Jacobs* is not controlling here. In the instant case, the purpose of the award is to allow for the assessment of fees for the enforcement of court-ordered child support. A marital property division is not involved.

Appellant's fifth point of error is overruled.

The order of the trial court is affirmed.