Petition for Writ of Mandamus
Denied and Memorandum Opinion filed September 13, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00714-CV

____________

 

IN RE STEPHANIE LEE, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

309th District Court

Harris County, Texas

Trial Court Cause No. 2005-41798

 

 

 



M E M O R
A N D U M   O P I N I O N

            On August 19, 2011, relator, Stephanie Lee, filed a petition
for writ of mandamus in this court.  See Tex. Gov’t Code § 22.221; see
also Tex. R. App. P. 52.  Lee complains that respondent, the Honorable Sheri
Y. Dean, presiding judge of the 309th District Court of Harris County, Texas,
denied her motion to enter judgment on a mediated settlement agreement.  The
real party in interest, Benjamin Jay Redus, has filed a response.  We deny the
petition.

            The underlying proceeding arose from Redus’s petition to modify
the parent-child relationship and recover excess child support.  The parties
subsequently entered into a mediated settlement agreement concerning custody of
their seven-year old daughter, K.N.R.  Lee moved to enter judgment on the
agreement.  Redus objected to the motion on the grounds the agreement is not in
the best interests of his daughter because Lee’s husband is a registered sex
offender.  After a hearing on the matter, the associate judge refused to enter
judgment on the agreement.  Subsequently, Judge Dean conducted an evidentiary
hearing.  At the hearing, Lee testified that her husband is a registered sex
offender, he was served with a 2009 violation of his deferred adjudication for
his unsupervised visitation contact with K.N.R., and Lee herself permitted her
husband to be with K.N.R., knowing the conditions of his probation.  Judge Dean
denied Lee’s motion to enter judgment, finding the mediated settlement
agreement not to be in the child's best interest.  Lee has petitioned this
court for a writ of mandamus ordering Judge Dean to enter judgment based on the
agreement.[1]

We first note a trial court’s refusal to enter judgment on a
mediated settlement agreement is subject to mandamus.  In re Kasschau,
11 S.W.3d 305, 310-11 (Tex. App. – Houston [14th Dist.] 2000, orig.
proceeding), (finding relator lacked an adequate remedy “because he will be
deprived of the settlement’s benefits if forced to expend further time and
resources litigating a suit that may have been settled.”).  In this case, the
issue is whether a trial court abuses its discretion in refusing to enter
judgment when the agreement is not in the best interest of the child.

Section 153.0071 of the Texas Family Code provides:

(e) If a mediated settlement
agreement meets the requirements of Subsection (d), a party is entitled to
judgment on the mediated settlement agreement notwithstanding Rule 11, Texas
Rules of Civil Procedure, or another rule of law.

(e-1)
Notwithstanding Subsections (d) and (e), a court may decline to enter a
judgment on a mediated settlement agreement if the court finds that:

(1)
a party to the agreement was a victim of family violence, and that circumstance
impaired the party's ability to make decisions; and 

(2)
the agreement is not in the child's best interest. 

 

Tex. Fam.
Code ' 153.0071(e) (West 2008).     Lee
urges that the statutory language "notwithstanding Rule 11, Texas Rules of
Civil Procedure, or another rule of law" deprives the trial court of the
discretion to refuse judgment on the basis of the best interests of the child. 
The Dallas Court of Appeals rejected the precise argument on the predecessor
statute and held that, although the trial court does not have the discretion to
enter a judgment that varies from the terms of a mediated settlement agreement,
the court does have the authority to refuse judgment on illegal provisions in a
mediated settlement agreement.  See Garcia-Udall v. Udall, 141 S.W.3d
323, 331-32 (Tex. App.—Dallas 2004, no pet.) (holding that "[a]n agreement
on conservatorship issues that is not in the child's best interest violates
public policy and is unenforceable") citing Leonard v. Lane, 821
S.W.2d 275, 278 (Tex. App.—Houston [1st Dist.] 1991, writ denied).  Leonard succinctly
holds that "[p]arties cannot by contract deprive the court of its power to
guard the best interest of the child." Id.; cf. Chenault v.
Banks, 296 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2009, no pet.)
(holding that because the trial court plays an "integral role" in
child support proceedings to ensure the protection of the child's best
interests, contracts to bypass this protection are against public policy and
unenforceable).

            Moreover,
this Court has examined and determined that entry of judgment on a mediated
settlement agreement, even a completely compliant mediated settlement
agreement, is not ministerial.  See In re Kasschau, 11 S.W.3d at 311-12 (holding
that the section 153.0071 statutory language "entitled to judgment"
does not render the entry of judgment a ministerial duty).  As in In re
Kasschau, the issue presented here is not whether Redus may revoke his
consent.  Instead, the question is whether the trial court has a ministerial
duty to enter the judgment on mediated settlement agreement even where, as
here, there is no dispute (and the trial court found) that the mediated
settlement agreement is not in the child's best interest.  We hold that the
trial court has not committed a clear abuse of discretion in refusing to enter
judgment on a mediated settlement agreement that is not in the child's best
interest.

Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel consists of Justices Brown, Boyce, and McCally.

 









[1]
The petition further asks we order Judge Dean to vacate her orders setting the
underlying case for pretrial conference and trial on the merits.