**Opinion issued February 11, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00001-CV

————————————

**GREGORY LUCKMAN, Appellant**

**V.**

**MINERVA GUADALUPE ZAMORA, Appellee**

---

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-50322**

---

### MEMORANDUM OPINION

Gregory Luckman appeals the trial court's order modifying child support for

his two children with Minerva Guadalupe Zamora, J.Z. and K.Z. Luckman argues

that the trial court abused its discretion by requiring him to pay child support for

J.Z., because a $30,000 lump-sum payment he paid Zamora pursuant to a previous order fully satisfied his child support obligation to J.Z. He also argues that the trial court abused its discretion by setting the amount of child support without considering Luckman's two additional children. We affirm.

## Background

Zamora gave birth to J.Z. in January 2005. On July 28, 2005, the trial court signed an "Agreed Child Support Review Order" adjudicating Luckman the father of J.Z. and ordering him to pay a lump-sum child support payment of $30,000. The 2005 order stated "the payment of the aforementioned $30,000.00 shall fully satisfy any and all present and future child support obligation and that Gregory Scott Lockman [sic] shall not pay any further child support notwithstanding the status of child [J.Z] high school graduation [sic]."

In 2007, Zamora gave birth to K.Z. On November 17, 2009, the trial court signed an "Agreed Order in Suit Establishing the Parent-Child Relationship and in Suit for Modification." The 2009 order adjudicated Luckman the father of K.Z. and found that Luckman had a duty of support. However, the order found that Zamora and Luckman were living together as a family unit and that "it is in the best interest of the child(ren) subject of this suit that no regular on-going child support be ordered herein."

2

In September 2010, Zamora filed a motion to modify the 2009 order, on the grounds that circumstances had materially and substantially changed, support payments were not in substantial compliance with chapter 154 of the Family Code, and the requested increase would be in the best interest of the children. In response, Luckman filed his own motion to modify.

After a two-day hearing, the trial court signed a Modification Order on August 17, 2012. Luckman was ordered to pay $1,114.41 per month, beginning July 1, 2012, for the support of J.Z. and K.Z. On September 14, 2012, Luckman filed a motion for new trial, arguing that Zamora's pleadings did not support the relief granted and that the trial court abused its discretion "in modifying contractual child support ordered previously to be paid in full." The trial court held a hearing on the motion for new trial on October 24, 2012. At the hearing, Luckman also argued that the trial court erred by failing to account for Luckman's two children with his wife in calculating child support. Zamora objected to Luckman raising this argument because it was not raised in the motion for new trial. On November 30, 2012, the trial court granted the motion for new trial "[a]s to child support calculation only" and entered a new Modification Order. Luckman was ordered to pay $1,221.85 per month, beginning July 1, 2012, for the support of J.Z. and K.Z. Luckman appealed.

**Discussion**

Luckman raises two issues on appeal. First, he contends that the trial court abused its discretion in ordering him to pay child support for J.Z., because the trial court found in 2005, based on the parties' agreement, that a single lump-sum payment of $30,000 was in J.Z.'s best interest. Second, he contends that the trial court abused its discretion by failing to account for his obligation to support two additional children when setting his child support obligation for J.Z. and K.Z. We address these contentions in turn.

## A. Standard of Review

In general, a trial court's ruling on child support will not be reversed on appeal unless there is a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *McLane v. McLane*, 263 S.W.3d 358, 362 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). The test is whether the trial court acted arbitrarily, unreasonably, or without reference to guiding rules or principles. *McLane*, 263 S.W.3d at 362. The reviewing court must review the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the order. *Id.* There is no abuse of discretion if some probative and substantive evidence supports the order. *Id.*

4

**B. Did the trial court abuse its discretion in ordering Luckman to pay child support for J.Z.?**

**1. Applicable Law**

The Family Code provides that "[t]o promote the amicable settlement of disputes between the parties to a suit, the parties may enter into a written agreement containing provisions for support of the child and for modification of the agreement, including variations from the child support guidelines." TEX. FAM. CODE ANN. § 154.124(a) (West 2008). "If the court finds that the agreement is in the child's best interest, the court shall render an order in accordance with the agreement." *Id.* § 154.124(b). "Terms of the agreement pertaining to child support in the order may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as a contract." *Id.* § 154.124(c).

"If the parties agree to an order under which the amount of child support differs from the amount that would be awarded in accordance with the child support guidelines, the court may modify the order only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition." *See* TEX. FAM. CODE ANN. § 156.401(a–1) (West Supp. 2013). Paramount to the trial court's determination of child support is the best interest of the child. *McLane*, 263 S.W.3d at 362 (citing *Lenz v. Lenz*, 79

5

S.W.3d 10, 14 (Tex. 2002)). "The court has the right to act in the best interest of the child, notwithstanding any agreements of the parties." *Leonard v. Lane*, 821 S.W.2d 275, 277 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (construing section 14.06 of the Family Code, which was recodified in 1995 as section 154.124 by Act of Apr. 20, 1995, 74th Leg., R.S., ch. 20 § 1, 1995 Tex. Gen. Laws 113, 162.). "[T]he State's interest in the continuing welfare of the children outweighs the parents' interest in having an established, permanent level of support payments." *Hill v. Hill*, 819 S.W.2d 570, 572 (Tex. App.—Dallas 1991, writ denied). "In determining whether a modification in child-support payments is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered, in relation to the circumstances existing at the time modification of the prior order is sought." *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

## 2. Analysis

Luckman contends that the trial court abused its discretion by "implicitly overturn[ing]" the implied finding in the 2005 order that a one-time $30,000 lump-sum child support payment, to which the parties had agreed, was in J.Z.'s best interest. *See* TEX. FAM. CODE ANN. § 154.124(b) (to render judgment on parties' agreement regarding child support, trial court must find that agreement is in child's

6

best interest). He argues that "[i]f this Court were to refuse to enforce the 2005 agreement, then amicable settlement of disputes between parties regarding child support . . . will become less likely in the future."

But the Family Code expressly permits a trial court to modify a child support order that was based on an agreement of the parties if circumstances have materially and substantially changed and the modification is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 156.401(a–1). In that circumstance, the trial court is not bound by its earlier determination that some other amount was in the best interest of the child. *McLane*, 263 S.W.3d at 362; *see Leonard*, 821 S.W.2d at 277 (trial court "has the right to act in the best interest of the child, notwithstanding any agreements of the parties" that resulted in the original child support order); *Hill*, 819 S.W.2d at 572 ("[T]he State's interest in the continuing welfare of the children outweighs the parents' interest in having an established, permanent level of support payments.").

Here, the parties conceded that circumstances had materially and substantially changed because Luckman and Zamora were no longer living together. Accordingly, we hold that the trial court did not abuse its discretion by requiring Luckman to make child support payments for J.Z. beyond the agreed-upon lump sum payment he made in 2005. *See Leonard*, 821 S.W.2d at 277

(rejecting argument that trial court abused its discretion by modifying child support order that was based upon parties' agreement); *Hill*, 819 S.W.2d at 571–72 (holding that father's argument that trial court could not modify child support order based on parties' agreement, even if modification was in best interests of children, "flies in the face of the long-established policy that the court may modify the amount of child support to be paid by a party"); *Hoffman v. Hoffman*, 805 S.W.2d 848, 850–51 (Tex. App.—Corpus Christi 1991, writ. denied) (trial court did not abuse discretion in modifying child support order that was based upon parties' agreement); *see also Pampell v. Pampell*, No. 03-00-00388-CV, 2001 WL 223288, at *1–3 (Tex. App.—Austin Mar. 8, 2001, no pet.) (not designated for publication) (modification of divorce decree to include monthly child support payments, where decree based upon parties' agreement originally provided that disproportionate property division satisfied "any or all" of father's child support obligations to daughter, was not an abuse of discretion).

We overrule Luckman's first issue.

## C. Did the trial court abuse its discretion in calculating the amount of child support payments due?

### 1. Applicable Law

The trial court shall presumptively apply the percentage guidelines in section 154.125 to the obligor's first $7,500 of net resources when calculating child

8

support. TEX. FAM. CODE ANN. § 154.125(b) (West Supp. 2013). If the trial court is rendering an order for support of two children, the guideline indicates the monthly support payment should equal 25% of the obligor's net resources. *See id.*

A different guideline applies "if the obligor has the duty to support children in more than one household . . . ." TEX. FAM. CODE ANN. § 156.406 (West 2008). But the obligor bears the burden of producing evidence that he owes a duty of support to children not before the court. *See Escue v. Escue*, 810 S.W.2d 845, 848 (Tex. App.—Texarkana 1991, no writ). Chapter 154 provides two methods for computing support when an obligor has a legal duty to support children in more than one household. The trial court may reduce the net resources of the obligor before applying the percentage guidelines in Section 154.125. *See* TEX. FAM. CODE ANN. § 154.128 (West 2008). Alternatively, it may set support in accordance with the table set forth in section 154.129. *See* TEX. FAM. CODE ANN. § 154.129 (West 2008).

## 2. Analysis

Luckman contends that the trial court erred in applying the standard child support guidelines in section 154.125, because they do not account for his two additional children. Luckman bore the burden to prove that he owed a duty of support to additional children. *See Escue*, 810 S.W.2d at 848; *Lahar v. Lahar*, 803

S.W.2d 468, 469 (Tex. App.—Beaumont 1991, no writ). At trial, Luckman testified that he lives with his wife and two sons and introduced an exhibit stating that he had four children and sought a credit pursuant to section 154.128. But Luckman never adduced evidence of his sons' ages or any other evidence suggesting that he owed them a duty of support. And Luckman never argued at trial for the application of sections 154.128 or 154.129, nor did he mention this issue in his motion for new trial. Instead, Luckman waited until the hearing on the motion for new trial to tell the trial court that it had failed to account for his two other children in setting child support. Luckman argues the trial court erred in failing to find that he owed a duty of support to his two children in another household and in failing to apply the guidelines set forth in either section 154.128 or section 154.129. We disagree.

A trial court's ruling on child support will not be reversed on appeal unless there is a clear abuse of discretion, and we must review the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the order. *Worford*, 801 S.W.2d at 109; *McLane*, 263 S.W.3d at 362. On this record, we conclude that Luckman has not shown that he conclusively proved that he owed a duty of support to additional children, such that the trial court's decision to apply the standard guidelines rather than sections 154.128 or 154.129

10

was arbitrary, unreasonable, or without reference to guiding rules or principles. *McLane*, 263 S.W.3d at 362.

We overrule Luckman's second issue.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.