

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00082-CV

_____

BILLY RAY JOHNSON, Appellant

V.

JUAN PENA GARCIA, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 18C0906-CCL

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Before this dispute arose, Billy Ray Johnson had bought a Texarkana residence and financed his purchase through BancorpSouth Bank. Later, Johnson sold the residence to Juan Peña Garcia, subject to Johnson's existing bank obligation and lien, in an arrangement under which Garcia paid Johnson $5,000.00 down, plus $625.00 per month. At some point, however, Johnson stopped paying the Bank, though Garcia had faithfully paid Johnson until finding out about Johnson's default. After the Bank foreclosed on the residence, it resold the residence to Garcia for an additional purchase price. After a bench trial, the County Court at Law of Bowie County found that, because of Johnson's breach of contract, Garcia should recover from Johnson $32,300.00 in damages and $10,240.00 in attorney fees.

In this pro se appeal, Johnson complains that the trial court erred in excluding evidence, that the trial court erred in admitting a buy-sell agreement, and that there was factually insufficient evidence to support the trial court's judgment.[1] We affirm the trial court's judgment, because (1) factually sufficient evidence supports the judgment, (2) Johnson did not preserve his complaint regarding the exclusion of evidence, and (3) Johnson did not preserve any error regarding admitting the buy-sell agreement.

---

[1]Johnson's pro se brief also contains statements that Garcia breached the contract and that the trial court erred by violating Rule 403 of the Texas Rules of Evidence and by denying his right to due process under the Fourteenth Amendment to the United States Constitution. However, Johnson does not point to any evidence in the record supporting these claimed errors, does not explain where in the record these claimed errors occurred, does not provide any argument in support of these claimed errors, and does not cite appropriate authorities. The Texas Rules of Appellate Procedure require an appellant to present "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *In re Estate of Curtis*, 465 S.W.3d 357, 379 (Tex. App.—Texarkana 2015, pet. dism'd). "Bare assertions of error, without argument or authority, waive error." *Curtis*, 465 S.W.3d at 379 (quoting *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.)). These claimed errors have been waived.

*(1)      Factually Sufficient Evidence Supports the Judgment*

The Johnson-to-Garcia undated purchase agreement provided for the sale of the residence located at 605 Blake Street in Texarkana[2] for the amount of $52,000.00. The agreement provided for a down payment of $5,000.00 and monthly payments in the amount of $625.00 to be paid to Johnson starting on May 1, 2013. Both Garcia and Johnson testified that Garcia had paid Johnson $5,000.00 for the down payment and that he had begun paying the $625.00 monthly payment in May 2013. Garcia testified that he had made the monthly payments through September 2017, although Johnson thought that the last payment was in August 2017.

Garcia testified that Johnson had not disclosed that BancorpSouth held a lien on the house, that Johnson ceased making payments to BancorpSouth, and that Garcia stopped making payments when he learned that Johnson was not paying BancorpSouth. BancorpSouth foreclosed its mortgage on January 2, 2018.[3] Garcia then entered into a buy-sell agreement with BancorpSouth in February 2019 to purchase the house for $46,800.00. BancorpSouth conveyed the property to Garcia by warranty deed with vendor's lien on March 26, 2019. The evidence also showed that Garcia incurred attorney fees in the amount of $10,240.00 before the hearing.

Johnson challenges the factual sufficiency of the evidence supporting the trial court's judgment. "When challenging the factual sufficiency of the evidence supporting an adverse finding on which the appealing party did not have the burden of proof, the appellant must demonstrate that there is insufficient evidence to support the adverse finding." *Monasco v. Gilmer*

---

[2]An attachment to the agreement contains the legal description of the property.

[3]BancorpSouth purchased the property at the trustee's sale.

3

*Boating & Fishing Club*, 339 S.W.3d 828, 830 (Tex. App.—Texarkana 2011, no pet.). "The evidence is sufficient to support the adverse finding if the evidence is such that reasonable minds could differ on the meaning of the evidence, or the inferences and conclusions to be drawn from the evidence." *Id.* at 830–31. "A challenge to the factual sufficiency of the evidence will be sustained if the evidence is so weak or the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id.* at 831 (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). When an appeal is taken from a bench trial, if there is sufficient evidence to support the trial court's findings, we cannot substitute our conclusions for those of the trial court. *In re Marriage of Braddock*, 64 S.W.3d 581, 585 (Tex. App.—Texarkana 2001, no pet.). When the trial court does not enter findings of fact, we "will assume that the trial court made implied findings of fact that support its ruling as long as those findings are supported by the record, and we will affirm the trial court's decision if it is correct on any theory of law applicable to the case." *Id.*; *Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987).

"The elements of a claim for breach of contract are (a) a valid, enforceable contract, (b) performance under the contract by the claimant, (c) breach by the defendant, and (d) an injury to the claimant caused by the breach." *Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 668 (Tex. App.—Texarkana 2017, pet. denied). An anticipatory breach occurs when "(1) a party to a contract has absolutely repudiated the obligation; (2) without just excuse; and (3) the other party is damaged as a result." *Berg v. Wilson*, 353 S.W.3d 166, 174 n.11 (Tex. App.— Texarkana 2011, pet. denied) (citing *Pollack v. Pollack*, 39 S.W.2d 853, 855 (Tex. Comm'n App. 1931, holding approved)). "Repudiation may be proven by words or actions by a contracting party

4

that indicate he is not going to perform his contract in the future." *Braddock*, 64 S.W.3d at 585 (citing *Chavez v. Chavez*, 577 S.W.2d 306, 307 (Tex. App.—El Paso 1979, writ ref'd n.r.e.)). Repudiation "is conduct that shows a fixed intention to abandon, renounce, and refuse to perform the contract." *Id.* (citing *Hubble v. Lone Star Contracting Corp.*, 883 S.W.2d 379, 382 (Tex. App.—Fort Worth 1994, writ denied)).

The testimony of Garcia and Johnson, along with the supporting documentation, showed that they had a valid contract for the sale of Johnson's house and that Garcia performed under the contract up until the time he learned that Johnson was no longer paying his note to BancorpSouth. Although it is unclear how long Johnson had not paid BancorpSouth, his nonpayment resulted in the property being foreclosed and sold to BancorpSouth at a trustee's sale four months after Garcia's last made payment. Johnson offered no excuse for his failure to pay BancorpSouth or for acquiescing in the property's foreclosure. Subsequently, Garcia purchased the property from BancorpSouth for $32,300.00 more than was owed under his contract with Johnson. This evidence is factually sufficient to support the trial court's finding that Johnson committed an anticipatory breach of their agreement, without just excuse, and that Garcia suffered damages of $32,300.00 as a result. We overrule this issue.

*(2)* *Johnson Did Not Preserve His Complaint Regarding the Exclusion of Evidence*

Johnson also complains that the trial court wrongfully excluded certain documentary evidence that he attached as exhibits to his brief. "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1. Documents attached to briefs as exhibits or appendices are not part of the appellate record. *Copeland v.*

5

*Moreland*, No. 06-14-00075-CV, 2015 WL 545679, at \*2 (Tex. App.—Texarkana Feb. 10, 2015, no pet.) (mem. op.). We are required to consider a case solely on the appellate record; therefore, we "cannot consider documents attached to briefs as exhibits or appendices." *Id*. (citing *Robb v. Horizon Communities Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.)). Consequently, we do not consider the documents attached to Johnson's brief.

Johnson has not pointed us to, and we have not found, any place in the record where he offered as evidence the documents that he alleges the trial court wrongfully excluded. In addition, to the extent that one or more of these documents are contained in the clerk's record, the trial court's judgment recites that it considered "the pleadings and records on file in this cause," as well as the evidence presented. Therefore, we find that this complaint is not preserved and is without merit. We overrule this issue.

*(3)    Johnson Did Not Preserve Any Error Regarding Admitting the Buy-Sell Agreement*

Further, Johnson complains that the trial court erred in admitting into evidence the buy-sell agreement between BancorpSouth and Garcia. To preserve a complaint for appellate review, a party must present a timely request, objection, or motion to the trial court that states the specific grounds for the desired ruling and obtain from the trial court a ruling or its refusal to rule. TEX. R. APP. P. 33.1(a); *Antolik v. Antolik*, No. 06-18-00096-CV, 2019 WL 2119646, at \*7 (Tex. App.—Texarkana May 15, 2019, pet. denied) (mem. op.). When the buy-sell agreement was offered into evidence, Johnson affirmatively stated that he had no objection. Therefore, Johnson did not preserve any complaint that the trial court erred in admitting that agreement. We overrule this issue.

6

For the reasons stated above, we affirm the trial court's judgment.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     December 27, 2019
Date Decided:       January 15, 2020